**WILLIAM H. SILL MORTGAGES, INC.,**
**a Michigan corporation, Plaintiff-**
**Appellee,**

v.

**The OHIO CASUALTY INSURANCE**
**COMPANY, an Ohio corporation,**
**Defendant-Appellant.**

**No. 18202.**

United States Court of Appeals
Sixth Circuit.

June 11, 1969.

342

Norman L. Zemke, Detroit, Mich., for appellant, William J. Eggenberger, Detroit, Mich., on brief.

Wallace M. Handler, Detroit, Mich., for appellee, Lebenbom, Handler & Brody, Detroit, Mich., on brief.

Before WEICK, Chief Judge, COMBS, Circuit Judge, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

The Ohio Casualty Insurance Company, defendant-appellant, appeals from a judgment in the United States District Court for the Eastern District of Michigan, Southern Division, on a surety bond. The case was tried to the Court without a jury and upon a finding of facts and conclusions of law the district judge found in favor of the plaintiff-appellee for $20,000., the full coverage of the bond.

The plaintiff-appellee, William H. Sill Mortgages, Inc., is a Michigan corporation engaged in the mortgage broker business with offices in the city of Lansing, Michigan. William H. Sill is a stockholder, director, president, and general manager of the corporation. The Ohio Casualty Insurance Company had executed a fidelity bond indemnifying the plaintiff against loss through any dishonest act of its employees. The bond was originally written for $10,000., but on October 25, 1962 was increased to $20,000. The parties will be referred to as plaintiff and defendant.

In the summer of 1961 Mr. Sill contacted L. H. (Harold) Stockford of Adrian, Michigan and arranged for him to obtain and place mortgages through the Sill corporation. Mr. Stockford was a real estate broker who also did a mortgage, insurance and construction business. In December of 1961 the plaintiff established a branch office in Adrian in the offices of Mr. Stockford with him in charge as an assistant vice-president and Mrs. Jessie C. Small, Mr. Stockford's secretary as assistant secretary.

On or about June 15, 1963, Mr. Sill suspected that there was something wrong with the finances of the Adrian operation. He immediately notified Mr. Marvin Howell, his accountant, and Mr. Goddell, the agent who sold him the bond. The same day, Mr. Swainhart, an adjuster for the defendant, contacted Mr. Sill and he told him of the suspected defalcation. By the end of August, 1963, it was definitely established that there was a loss of approximately $30,000., involving four accounts. It is conceded that Mr. Stockford defaulted and received the money. The action was commenced against the defendant in the District Court on September 24, 1964.

We are confronted first with the question of whether Mr. Stockford was an employee of the plaintiff, as defined by the bond. If he did not qualify as an employee there was no coverage by the defendant. The district judge found as a fact that Stockford was an employee of the plaintiff within the terms of the bond.

Among the findings of the trial judge are the following: "Stockford's salary was to be fifty percent of the overage in discount of each loan closed. Further, one half of one percent of each loan was used to pay for office space, to pay Mrs. Small, and purchase supplies." Counsel for the defendant object to these findings on the ground that they are not supported by the evidence. There is testimony to that effect and we can not say that the findings of the district judge in this respect are clearly erroneous. Counsel also object to the finding on the basis that what was basically a commission was termed a salary. What Mr. Stockford received was compensation for his work and it seems of no consequence whether it is called salary or commission. There is nothing inconsistent with an employee being paid on a commission basis. This finding alone neither makes Stockford an employee or prevents him from being one.

The term employee was defined in the bond as follows:

"Wherever used in this bond, Employee or Employees shall be deemed to mean, respectively one or more of the officers, clerks and other employees while employed in, at or by any of the insured's offices while covered under this bond, * * *."

Stockford was an assistant vice-president of the plaintiff company and he worked in and at the branch office established by the plaintiff in Adrian. The fact that the building in Adrian was not exclusively the offices of the plaintiff and that Stockford had other business interests which he conducted there made it no less the headquarters of the plaintiff's branch office in Adrian.

Section 1(c) of the exclusions of the bond, as argued by counsel for the defendant, does not exclude coverage of Stockford. That section excludes coverage of a director of the corporation and a partner of the insured. Stockford was neither.

The Federal Housing Administration and the Veteran's Administration approved plaintiff's branch office and under their regulations such branch office was required to be in charge of an officer or employee of the plaintiff.

 Whether Stockford was an employee is a question of fact. The principal test of an employer and employee relationship is control. Under the finding of facts of the trial judge, which we find not to be clearly erroneous, Mr. Sill had a very close supervision and control over Stockford. Mr. Sill was in almost daily contact with Stockford instructing him and advising him with reference to processing mortgages through the Sill company. The findings of fact of the trial judge with reference to the employer and employee relationship are not clearly erroneous and they support the legal conclusion that Stockford was an employee of the plaintiff company within the meaning of the bond.

Another defense made to the plaintiff's action is that the plaintiff's claim is barred for failure to file a proof of claim within 90 days after learning of the loss. This defense was resolved against the defendant in the trial court and the question is now before us on this appeal.

Section 3 of the bond, under conditions and limitations provides in part as follows:

"The insured shall give to the Underwriter written notice of any loss under this bond as soon as possible after the insured shall learn of such loss, and within ninety days after learning of such loss shall file with the Underwriter an itemized proof of claim duly sworn to. The Underwriter shall have thirty days after notice and proof of loss within which to investigate the claim."

It is conceded that no proof of claim was given within ninety days of the discovery of the loss.

The trial judge found as facts that on or about June 15, 1963, when Mr. Sill suspected that something was wrong with the Adrian operation he immediately called his accountant, Mr. Marvin Howell, and advised him of his suspicions. At the same time he called Mr. Goodell, the agent who sold him the bond, and advised him of the difficulty. On the same day Charles Swainhart, an adjuster for the defendant, called Mr. Sill and he was informed of the suspected defalcation. On the following day Mr. Swainhart met with Mr. Sill and Mr. Howell and he informed them that the matter was being taken under investigation and that there was nothing further to be done.

Subsequently, on or about June 24, 1963, Mr. Swainhart went to Adrian and received a written statement from Mr. Stockford admitting the defalcations. Mr. Swainhart returned to Lansing and reported to Mr. Sill that there had been a misappropriation of funds. Mr. Sill then asked if there was anything further that he was required to do and was told that everything that had to be done was being done, that the matter was under investigation and that he would be advised.

The district judge further found that the defendant possessed all the pertinent information upon which to make an investigation and that it had actually commenced the investigation, well within the time limited.

The trial judge concluded as a matter of law that since the bond in the case before us does not have a forfeiture clause the failure to file a proof of loss within the prescribed time does not bar plaintiff's recovery on the bond but only bars it from instituting suit before filing proof of loss where defendant has not been prejudiced by the delay.

In reply to the defendant's affirmative defense that the plaintiff's action was barred for failure to file a proof of claim within 90 days, the plaintiff alleged that the defendant waived the filing of such proof of claim. The district judge held that Allen v. Milwaukee, Etc., Ins. Co., 106 Mich. 204, 64 N.W. 15, and Helmer v. Dearborn National Ins. Co., 319 Mich. 696, 30 N.W.2d 399, were distinguishable from the case at bar in that it was provided in the insurance policies involved in those cases that a failure to comply with the conditions with reference to notice of proof of loss would forfeit or invalidate the policies. Likewise, Ohio Casualty Ins. Co. v. Miller, 29 F.Supp. 993 is distinguishable from the case at bar on the facts, in that the insured never gave the insurance company any notice of the accident.

Other cases cited by appellant are not applicable. The Court held in Fenton v. National Fire Insurance Co., 235 Mich. 147, 150, 209 N.W. 42, that compliance with the requirement to file proof of loss within 60 days may be waived by the company but that in this case there was no evidence to support a claim of waiver. In continental Studios v. A. A. Ins. Co., 340 Mich. 6, 64 N.W.2d 615, the Court held that the plaintiff had not raised the issue of waiver in the trial court and therefore could not raise it in the appellate court. In National City Bank v. National Security Co., 58 F.2d 7 (Tenn.), this Court held that failure of the bank to notify the insurer of dishonest acts of an employee for more than two years barred recovery. Waiver or estoppel was not in issue. In Preferred Acc. Ins. Co. v. Castellano, 148 F.2d 761, (C.A. 2) no notice of an accident was given the insurance company until

six weeks after it happened. These cases involve failure to give any notice, whereas in the case at bar notice was given immediately.

There was no provision in the bond involved in the case before us that invalidated or voided the bond if the provision for filing proof of claim was not followed. Neither was there any requirement that a waiver had to be in writing. The facts as found by the trial judge with reference to proof of claim are supported by the evidence and are not clearly erroneous. Under those facts we conclude that the defendant by its conduct waived the filing of proof of loss within the time limited in the bond and that the legal conclusion of the trial judge that the failure to file proof of claim did not bar plaintiff's action is correct. See Hummer v. Midland Casualty Co., 181 Mich. 386, 148 N.W. 413; Struble v. National Liberty Ins Co., 252 Mich. 566, 233 N.W. 417; Johnston v. Fire & Marine Ins. Co., 294 Mich. 550, 293 N.W. 747.

The defendant also claims that the plaintiff's action is barred because it was not begun within twelve months after the plaintiff learned of the loss. This issue was resolved against the defendant by the district judge and is now before us on this appeal.

Section 3 of the bond under the subject of conditions and limitations provides in part:

"No action or proceeding shall be brought under this bond in regard to any loss, unless begun within twelve months after the insured shall learn of such loss, * * *."

The action was begun on September 24, 1964 and it is conceded that this was not within twelve months after the plaintiff learned of the loss. Under the most favorable view of the testimony the plaintiff, Mr. Sill learned definitely of the loss, and the accounts involved, by the end of August 1968.

The district judge found facts as follows: "After October 10, 1963, Mr. Sill called Mr. Swainhart on a

monthly basis and sometimes on a bi-monthly basis from September of 1963 to and including September of 1964." These conversations were very short and Mr. Sill asked what the defendant intended doing about the matter. Mr. Swainhart always answered "that the matter was under investigation and the defendant would advise." Mr. Swainhart never denied liability nor did the company through its home office or any other party deny liability for payment of the plaintiff's claimed loss. Mr. Swainhart felt after his Adrian visit that there was no coverage because of the relationship between the plaintiff and Stockford. However, in spite of his feelings he continued his investigation and did not advise plaintiff of his conclusion. These findings of fact are supported by the evidence and are not clearly erroneous.

The district judge concluded that the defendant's claim that the plaintiff was barred from recovery because the action was not brought within twelve months of the date of learning of the loss failed for lack of proof of a denial of liability by the defendant within a reasonable time prior to the expiration of the period of limitation. The district judge further concluded that under the facts as found the defendant waived the requirement that the action be begun within twelve months of learning of the date of the loss. We agree.

 Waiver is a question of fact and must be determined from the facts and circumstances of each case. In Friedberg v. Insurance Company of North America, 257 Mich. 291, 293, 241 N.W. 183, 184, the Court said:

"The rule in this state is that, where negotiations for settlement are broken off by the insurer before the expiration of the period of limitation fixed by the policy, and a reasonable time remains for bringing suit before termination of that period, the insurer may assert the limitation period as a defense."

The converse of course is true. The insurer may not lull the insured to sleep by promises of payment or negotiations for payment or a failure to deny liability until after the time limitation has expired and then set up as a defense the failure to bring the action within the limitation fixed by the policy. In *Friedberg* it was held that three weeks was not sufficient time and that there was a waiver of the time limitation.

In Voorheis v. Benefit Society, 91 Mich. 469, 474, 51 N.W. 1109, 1110, the Court said,

"The company could not delay the party entitled to bring suit by promises of payment and overtures for settlement beyond the period fixed for bringing suit, and then set up in its defense that the action was not brought within the limit of time stated in the contract."

See also Westchester Fire Insurance Company v. Dodge, 44 Mich. 420, 6 N.W. 865.

Michigan cases cited by counsel for the defendant are distinguishable on their facts. In Bashans v. Metro Mutual Ins. Co., 369 Mich. 141, 119 N.W.2d 622, defendant in answer to a letter of plaintiff's counsel of February 15, 1957 wrote that a representative of defendant would call on plaintiff's counsel in ten days. No such call was made and suit was not begun until February 10, 1959, long after the time limitation for bringing the action. The Court held that when the representative did not call within ten days the plaintiff should have accepted that as a refusal to negotiate.

In Hall v. Metropolitan Life Ins. Co., 274 Mich. 196, 264 N.W. 340, the Court held that the alleged failure of the employer to provide the insured with proof of claim forms requested by the insured, "did not amount to a waiver of the policy provision requiring action to be brought within 2 years from that date."

Likewise in Betteys v. Aetna Life Ins. Co., 222 Mich. 626, 193 N.W. 197, suit was not brought within the year limita-

tion provided by the policy but the plaintiff had eight months notice that the defendant had denied liability on the death claim within which to bring a timely action. Neither is Guastello v. Citizens Mutual Insurance Company, 11 Mich. App. 120, 160 N.W.2d 725, in point. Here a complaint was filed within the time limitation but upon being advised by the insurance commissioner that he had no jurisdiction to summon the defendant no effort was made to serve it until six months after the time limitation had expired. No question of waiver by reason of conduct of the insurer was involved.

Judgment affirmed.