461 P.2d 98

### WELLS–STEWART CONSTRUCTION CO., Inc., a corporation, Appellant,

v.

### GENERAL INSURANCE COMPANY OF AMERICA, Appellee.

### No. I CA–CIV 828.

Court of Appeals of Arizona, Division 1.

Department B.

Nov. 19, 1969.

McKesson, Renaud, Cook, Miller & Cordova, by James M. Videan, Phoenix, for appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by John H. Killingsworth, Richard J. Woods, Phoenix, for appellee.

EUBANK, Presiding Judge.

Wells-Stewart Construction Co., Inc., appellant herein and hereinafter referred to as Wells-Stewart, was sued by the Paul C. Helmick Corporation, hereinafter referred to as Helmick, for damages caused by the negligence of Wells-Stewart's employee, to a heavy piece of road building equipment which Helmick had leased to Wells-Stewart. Following the trial of this issue to the court sitting without a jury, a judgment was entered in favor of Helmick and against Wells-Stewart in the sum of $2,672.30, plus interest and costs.

Prior to the entry of the above-mentioned judgment, Wells-Stewart filed a third-party complaint against its insurer General Insurance Company of America claiming that the damage to the road building equip-

ment, if any, was covered by a policy issued by General.

General answered the third-party complaint raising two main defenses, first, that Wells-Stewart failed to comply with the terms and conditions of the contract of insurance in that it failed to give notice and proof of loss, as required by paragraph 12, and, second, that it failed to bring suit on the claim within one year, as required by paragraph 15[1] of the insurance contract.

On the basis of the legal theory of its answer, General filed a motion for summary judgment. This motion was supported by the affidavit of Mr. Philip J. McKirchy, Claims Manager for General. Wells-Stewart replied stating that if the factual conclusions stated by General are taken as correct, summary judgment still should not be granted because the issue of the waiver of the effect of paragraphs 12 and 15 still remained and that this issue constitutes a genuine issue of a material fact which precluded the granting of summary judgment. In support of this position, Wells-Stewart executed an affidavit and attached seven (7) letter exhibits supporting its theory of waiver.

The trial court granted summary judgment to General. It is from this summary judgment that Wells-Stewart appeals.

General now concedes that it had actual notice of the loss and that such notice is a ready substitute for formal proof of loss required under paragraph 12 of the insurance contract and does not argue this defense on appeal.

There remains for our consideration then only paragraph 15, the one-year provision within which Wells-Stewart was required to bring an action. Wells-Stewart first attacks the form of the affidavit executed by Philip J. McKirchy, Claims Manager of General, which was attached to General's motion for summary judgment on the basis that his statements constitute mere conclusions of ultimate fact and of law and fail to show affirmatively that the affiant is competent to testify at the trial to the matters affirmed.

That part of the affidavit necessary to the disposition of this point is as follows:

\* \* \* \* \* \*

"PHILIP J. McKIRCHY, being first duly sworn, deposes upon oath and says:

"That he is the Claims Manager for the GENERAL INSURANCE COMPANY OF AMERICA;

"That policy of insurance No. MF 122183 was issued by the GENERAL INSURANCE COMPANY OF AMERICA and was in full force and effect on May 31, 1962;

\* \* \* \* \* \*

"That no action was brought upon the subject policy of insurance for or on behalf of WELLS-STEWART CONSTRUCTION CO., INC., within one year following the alleged loss on May 31, 1962, as provided by the policy;

\* \* \* \* \* \*

"And that the specimen of conditions attached hereto are the same as the conditions contained in the policy of insurance No. MF 122183."

\* \* \* \* \* \*

We agree with Wells-Stewart that the affidavit of Philip J. McKirchy is defective. Rule 56(e), Rules of Civil Procedure, 16 A.R.S., requires that:

"Supporting \* \* \* affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively

---

1. (15) Suit Against Company. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless the insured shall have fully complied with all the requirements of this policy nor unless commenced within twelve months next after the happening of the loss, provided that where such limitation of time is prohibited by the laws of the state wherein this policy is issued, then and in that event no suit or action under this policy shall be sustainable unless commenced within the shortest limitation permitted under the laws of such state.

that the affiant is competent to testify to the matters stated therein. \* \* \*"

His affidavit does not show that his statements are based upon his personal knowledge of the case. It also fails to show affirmatively that affiant is competent to testify to the matters contained in the affidavit. Elerick v. H. B. Rocklin Real Estate Investments, 102 Ariz. 78, 425 P.2d 103 (1967); Lujan v. MacMurtrie, 94 Ariz. 273, 383 P.2d 187 (1963); 6 Moore's Federal Practice (2nd ed. 1953) Sec. 56.22 [1] at 2803; 3 Barron & Holtzoff (Rules Ed. 1958) Sec. 1237 at 164. Wells-Stewart properly preserved this issue for appeal by raising its objection to the form of the affidavit in its memorandum in opposition to summary judgment *before the trial court.* See Hoffer v. Wetzel, 95 Ariz. 384, 387, 390 P.2d 911 (1964); Berry v. Robotka, 9 Ariz.App. 461, 453 P.2d 972, 977 (1969); Usa v. Western Electric Co. Inc., 337 F.2d 568, 574–575 (9th Cir. 1964); 3 Barron & Holtzoff (Rules Ed. 1958) Sec. 1237 at 171. Consequently, McKirchy's affidavit could not be considered by the trial court in support of the motion for summary judgment.

We must now determine whether or not there was any other support for the granting of the motion. Rule 56(c), Rules of Civil Procedure, reads in part as follows:

"\* \* \* The judgment sought shall be rendered forthwith if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. \* \* \*"

The trial court had before it for consideration the third-party complaint of Wells-Stewart which alleged its insurance coverage by General and its damage under the policy, the third-party answer by General denying liability under the policy because of Wells-Stewart's failure to bring suit on its claim within one year of the accident as required by paragraph 15, and Wells-Stewart's affidavit and letters.

Wells-Stewart, by its complaint and affidavit, does not deny the insurance policy or its terms, nor does it claim that the action was filed within the one-year limitation period. Rather, it admits them and seeks to avoid the effect of paragraph 15 by raising the defense of waiver. The essential element in the defense of waiver is the voluntary and intentional relinquishment of a known right. Murphey v. Valenzuela, 95 Ariz. 30, 386 P.2d 78 (1963); Builders Supply Corporation v. Marshall, 88 Ariz. 89, 352 P.2d 982 (1960); City of Tucson v. Koerber, 82 Ariz. 347, 313 P.2d 411 (1957). Our court in Jones v. Industrial Commission, 1 Ariz.App. 218, 401 P.2d 172, 177 (1965) said regarding the defense of waiver:

"'"A waiver of a right cannot be established without a clear showing of an intent to relinquish such right, and doubtful cases will be decided against a waiver," Greninger v. Fischer, 81 Cal.App.2d 549, 554, 184 P.2d 694, 697; nor will a waiver be presumed or implied contrary to the intention of a party whose rights would be injuriously affected, unless *by his conduct the opposite party has been misled to his prejudice into the honest belief that such waiver was intended.*'" (Emphasis added.)

Where summary judgment has been granted under Rule 56, Rules of Civil Procedure, we are required to view the pleadings, affidavits and admissions in the light most favorable to support the losing party; Peterson v. Valley National Bank of Phoenix, 90 Ariz. 361, 368 P.2d 317 (1962); Executive Towers v. Leonard, 7 Ariz.App. 331, 439 P.2d 303 (1968). This requires that in this case we must view the letters and pleadings in the light most favorable to support the defense of waiver. In support of its defense of waiver, Wells-Stewart cites Lindus v. Northern Insurance Company of New York, 103 Ariz. 160, 438 P.2d 311 (1968). In Lindus, where the policy of insurance required that notice be given by insured to the company, the court held that a two-year delay between the time of the accident and notice of the loss did not

relieve the company of its contractual liability, where it failed to prove that it was prejudiced by the delay. This case deals with a "notice" provision similar to paragraph 12 and there is nothing in the opinion relating to a "limitation" provision similar to paragraph 15.

Wells-Stewart cites Truck Insurance Exchange v. Hale, 95 Ariz. 76, 386 P.2d 846 (1963) which also deals with a "notice" provision rather than a "limitation" provision. Again, as in the prior case, no reference is made to a condition similar to paragraph 15. Downing v. Wolverine Insurance Company, 62 Ill.App.2d 305, 210 N.E.2d 603 (1965) cited by appellant does deal with a one-year suit limitation provision. The facts in that case showed a course of active continuous negotiations of offers and counter-offers between the insurer and the insured for a period exceeding the one-year suit limitation provision of the fire insurance policy. The evidence also revealed that the insurer sold a damaged forklift and truck belonging to the insured and replaced two trucks under another policy of insurance. The court held that subject to statutory limitations, parties to an insurance policy may contract as to the time when an action on the policy may be brought and that these policy provisions control, in the absence of waiver or estoppel. The court then said that the facts in this case constituted waiver of the provision. We find no fault with this decision and agree with its holding.

The remaining cases cited by Wells-Stewart all stand for the same proposition of law as Downing. They are Midwest Triangle Paint Works, Inc. v. Firemen's Insurance Company, 36 Ill.App.2d 65, 183 N.E.2d 562 (1962); S. J. Bates v. Grain Dealers National Mutual Fire Insurance Company, 283 S.W.2d 3 (Ky.1955); Oklahoma Farm Bureau Mutual Insurance Company v. Berry Lay, Okla., 398 P.2d 506 (1965); Bollinger v. National Fire Ins. Co., 25 Cal.2d 399, 154 P.2d 399 (1944).

Examining the seven letters in the light most favorable to Wells-Stewart's defense of waiver, it is impossible to find the continuous negotiations between the insurer and the insured present in Downing, *supra*, and the other cases cited by Wells-Stewart. Only one letter was written within the period of one-year limitation provision. That letter, written by L. M. Page, Adjuster for the Las Vegas Insurance Adjusters, addressed to Mr. Larry Pace of Wells-Stewart, and dated July 24, 1962, merely requested a copy of its lease agreement with Helmick which covered the damaged road building equipment for General. It also contains a statement that the request is based upon prior discussions of the claim. Nothing else of any significance is contained in it. Then *almost two years* passed before the appellant again made any inquiry about the transaction. The letters show that General lost its file and that Wells-Stewart apparently forgot about the matter. These letters and subsequent letters fail to reveal any course of conduct on the part of General during the one year following the loss which would give rise to any waiver or estoppel. Wells-Stewart argues that the June 29, 1964, letter was an act which would place this case within Downing. By this letter General forwarded copies of the summons and complaint in 162682 to Wells-Stewart, stating that they found no provision for tendering a defense but that they had prevailed upon Helmick's attorney for an extension of time. This, again, is certainly not the type of conduct that constitutes a waiver as was present in Downing and the other cases cited by Wells-Stewart. A waiver, as we have seen, must be a voluntary and intentional relinquishment of a known right, or conduct which misleads the opposite party to his prejudice into the honest belief that a waiver was intended. Jones, *supra*. This is not present here. We can find no waiver under the facts in this case.

The only question remaining is whether General was entitled to judgment as a matter of law.

First, Wells-Stewart contends that the requirement imposed by Lindus and Hale,

*supra*, that the insurer to affirmatively prove prejudice by a two-year delay in giving the notice of loss required by the policy is equally applicable to our paragraph 15 situation, which requires that suit be brought within one year. We do not agree. Lindus is clearly applicable to the notice of proof of loss time limitation in the policy and not the suit limitation, paragraph 15, which is authorized by law. A.R.S. Sec. 20–1115, subsec. A., par. 3. reads as follows:

"A. No policy delivered or issued for delivery in this state and covering a subject of insurance resident, located or to be performed in this state, shall contain any condition, stipulation or agreement:

\*   \*   \*   \*   \*   \*

"3. Limiting the time within which an action may be brought to a period of less than two years from the time the cause of action accrues in connection with all insurances other than property and marine and transportation insurances. In property and marine and transportation policies such time shall not be limited to less than one year from the date of occurrence of the event resulting in the loss."

\*   \*   \*   \*   \*   \*

The insurance policy in this case is an "Inland Marine" policy and as such paragraph 15 is within the authorized limits of Section 20–1115, subsec. A, par. 3. We agree with Downing, *supra*. It is our opinion, that subject to statutory regulation, a party to an insurance policy may contract as to the time when an action on the policy may be brought, and that upon so contracting the policy provisions ordinarily control in the absence of waiver or estoppel, and the insurer need not show actual prejudice in relying upon the limitation provision.

General being entitled to judgment as a matter of law, the summary judgment of the trial court is affirmed.

HAIRE and JACOBSON, JJ., concur.