564 P.2d 1263

**SHEA NORTH, INC., an Arizona Corporation, Appellant,**

v.

**OHIO CASUALTY INSURANCE COMPANY, an Ohio Corporation, Appellee.**

**No. 1 CA–CIV 3228.**

Court of Appeals of Arizona, Division 1, Department A.

May 24, 1977.

Goldstein, Mason & Ramras, Ltd. by Philip T. Goldstein, and Eric J. Bistrow, Phoenix, for appellant.

Moore & Romley by Kenneth J. Sherk, and Roger T. Hargrove, Phoenix, for appellee.

## OPINION

NELSON, Presiding Judge.

Plaintiff/appellant Shea North, Inc. (Shea North) brought suit against defendant/appellee Ohio Casualty Insurance Company (Ohio Casualty), for recovery under a casualty insurance policy covering loss to homes under construction in the Shea North subdivision in Phoenix, Arizona. The trial court granted Ohio Casualty's motion for summary judgment on the basis that Shea North had failed to file its action within the twelve month limitations period set forth in the policy. Shea North now appeals from that decision. For the reasons stated below, we reverse.

The insurance policy in question was issued by Ohio Casualty to Shea North on April 15, 1972. It contained a provision limiting the time within which action on the policy could be brought to within twelve months after the inception of the loss. On June 21, 1972 and July 16, 1972, Shea North incurred substantial windstorm damage to homes in its subdivision. Ohio Casualty was notified of the damage and the parties entered into negotiations to determine the amount of loss. Negotiations were finally terminated and on July 27, 1973, more than one year after the anniversary dates of the storms, Shea North filed suit to recover under the policy.

Shea North contends a question of fact exists and that the trial court erred in granting summary judgment. It maintains that Ohio Casualty lulled its insured into believing the claims, admittedly valid, would be settled, as to amount, without the necessity of suit. Shea North urges the following conduct as probative of the issue: (1) assurances through its adjuster that all construction costs would be paid when their

amounts were finally determined; (2) authorization to reconstruct the damaged homes; (3) payment of what Shea North understood were interim funds, based on its estimated costs; (4) agreement prior to June 21, 1973 to meet with the insured's representative on June 29, 1973 to reach a final adjustment of the claims; (5) delaying until after the anniversary date of the first storm to inform Shea North the matter was closed. The appellant maintains this conduct raises a question of fact with respect to whether the insurance company waived the twelve month contractual limitation period or whether it should be estopped from asserting it as a defense.

■■■ Subject to statutory limitations, parties to an insurance contract may limit the time within which an action on the policy may be brought. *Gill v. Manhattan Life Insurance Company*, 11 Ariz. 232, 95 P. 89 (1907). An insurer's rights under such a provision may be lost, however, by waiver or estoppel. *Wells-Stewart Construction Company v. General Insurance Company of America*, 10 Ariz.App. 590, 461 P.2d 98 (1969); Annot., 29 ALR 2d 636 (1953). A waiver or estoppel with respect to a contractual limitation period will exist if an insurer by its conduct induces its insured, by leading him to reasonably believe a settlement or adjustment of his claim will be effected without the necessity of bringing suit, to delay commencement of action on the policy until after the limitations period has run. *William H. Sill Mortgages, Inc. v. Ohio Casualty Insurance Company*, 412 F.2d 341 (6th Cir. 1969); *Oklahoma Farm Bureau Mutual Insurance Company v. Lay*, 398 P.2d 506 (Okl.1965); *Ciaccio v. North River Insurance Company*, 17 Ill.App.3d 940, 308 N.E.2d 860 (1974); Annot., 29 ALR 2d 636 (1953). Negotiation alone is insufficient to support a finding of waiver or estoppel if it is terminated within adequate time for the insured to institute action on the policy. *See Wells-Stewart Construction Co. v. General Insurance Company of America, supra* ; *William H. Sill Mortgages, Inc. v. Ohio Casualty Insurance Compa-*

*ny, supra* ; *Murray v. Lititz Mut. Ins. Co.*, 5 Del.Super. 447, 61 A.2d 409 (1948); *General Insurance Company v. Lee Chocolate Company*, 97 Ga.App. 588, 103 S.E.2d 632 (1968); *Friedberg v. Insurance Co. of North America*, 257 Mich. 291, 241 N.W. 183 (1932). However, an insurer's promise of payment or failure to deny liability until after the limitation period has run may result in waiver or estoppel. *William H. Sill Mortgages, Inc. v. Ohio Casualty Insurance Company, supra* ; *Ciaccio v. North River Insurance Company, supra* ; Annot., 29 ALR 2d 636 (1953).

Ohio Casualty contends it made final payment on Shea North's claims in December 1973, implying therefrom that as a matter of law its insured could not have been lulled into delaying suit and that Shea North's contentions of waiver and estoppel were therefore properly rejected. The appellant vigorously denies final payment was made and instead contends the payment was represented to be interim in nature only.

■■■ Summary judgment is inappropriate where a genuine issue of material fact is presented or where the slightest doubt as to the facts exists. *Lujan v. MacMurtrie*, 94 Ariz. 273, 383 P.2d 187 (1963). In reviewing the judgment we have considered the record, as we must, in the light most favorable to the party opposing the summary judgment. *Northern v. Elledge*, 72 Ariz. 166, 232 P.2d 111 (1951). Having thus examined the record, we are of the opinion that the motion for summary judgment was improvidently granted.

We think it clear that different inferences could be drawn from the facts Shea North contends establish waiver or estoppel on the part of Ohio Casualty. Accordingly, the question of whether Shea North reasonably believed its insurance claims would be adjusted without the necessity of resorting to the courts and thus reasonably delayed bringing suit until after the limitation period had expired is one for the trier of fact.

The judgment is reversed and the case remanded for further proceedings consistent with this opinion.

HAIRE and DONOFRIO, JJ., concurring.