589 P.2d 459

**T. Nell BREWER, Plaintiff-Appellant,**

v.

**FOOD GIANT SUPERMARKETS, INC., an Arizona Corporation, Defendant-Appellee.**

**No. 2 CA–CIV 2918.**

Court of Appeals of Arizona, Division 2.

Nov. 15, 1978.

Rehearing Denied Dec. 20, 1978.

Review Denied Jan. 16, 1979.

Ronald D. Mercaldo, Tucson, for plaintiff-appellant.

Udall, Shumway, Blackhurst, Allen, Bentley & Lyons by David K. Udall, Mesa, for defendant-appellee.

## OPINION

HATHAWAY, Judge.

Appellant brought suit after the statute of limitations had run on her claim for personal injuries. Rejecting appellant's defense of estoppel, the trial court granted appellee's motion for summary judgment. We agree that no genuine issue of fact as to estoppel was raised and affirm.

The claim is in tort and arose when appellant fell in appellee's store on December 21, 1974. A.R.S. Sec. 12–542 bars this action, filed on July 26, 1977, unless appellee is estopped from asserting the statute.

Estoppel *in pais* applies when a party is led to reasonably believe that his claim will be settled or adjusted without filing suit. *Shea North, Inc. v. Ohio Casualty Insurance Co.,* 115 Ariz. 296, 564 P.2d 1263 (App.1977) (contractual limitation period); *Irwin v. Pacific American Life Insurance Company,* 10 Ariz.App. 196, 457 P.2d 736 (1969). If estoppel applies, the party has a reasonable time to sue after the promises or representations have ceased to justify delay. 1 Williston on Contracts, Sec. 186, at 717 (3rd ed. 1957).

In testing a summary judgment, we view the facts most favorably to appellant. *Faris v. Doctors Hospital, Inc.,* 18 Ariz.App. 264, 501 P.2d 440 (1972). A claims adjuster for appellee's insurance carrier contacted appellant. On more than one occasion, he assured her that she had nothing to worry about and that her injuries would be compensated. The last conversation occurred approximately 16 months before the statute ran. During this period, the adjuster attempted, without success, to contact appellant several times; she made no effort to contact the adjuster until after the statute had run.

Assuming arguendo that appellee promised to settle the claim, appellant could not reasonably rely on the representations for 16 months without taking any action to protect her interests. Because the delay was unreasonable, appellee was not estopped to assert the statute. *Alley v. Dodge Hotel,* 179 U.S.App.D.C. 256, 551 F.2d 442 (1977) (necessity for legal action indicated "well within . . . limitation period"); *Cuppy v. General Accident Fire & Life Assurance Corp.,* 378 S.W.2d 629 (Ky. 1964) (no estoppel where 8 months elapsed between the last contact with the adjuster and the running of the statute); *Ford v. Rogovin,* 289 Mass. 549, 194 N.E. 719 (1935) (no estoppel where 10 months elapsed between the representations and the running of the statute). Nor does the promise to pay for a tort permit recovery in assumpsit. 1 Williston on Contracts, Sec. 186 at 716 (3rd ed. 1957).

Affirmed.

RICHMOND, C. J., and HOWARD, J., concur.