David BRUNNER, Appellant,

v.

UNITED FIRE & CASUALTY COMPANY, Appellee.

No. 68954.

Supreme Court of Iowa.

Sept. 21, 1983.

Herman P. Folkers of Nelson & Folkers, Mason City, for appellant.

Don W. Burington and Darrell J. Isaacson of Laird, Burington, Bovard, Heiny, McManigal & Walters, Mason City, for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, McCORMICK, SCHULTZ and CARTER, JJ.

McCORMICK, Justice.

The insured unsuccessfully urged waiver and estoppel defenses in avoidance of the one-year period of limitations in his standard fire insurance policy. Judgment was entered for the insurer after bench trial of

the coverage dispute, and the insured appeals. We affirm the trial court.

In seeking reversal, plaintiff David Brunner contends that the one-year period should not start until the insurer denies liability and that, in any event, waiver and estoppel were established as a matter of law in this case. Defendant United Fire & Casualty Company asserts that the first contention is governed by this court's holding in *Scheetz v. IMT Insurance Co.*, 324 N.W.2d 302 (Iowa 1982), and that the second contention fails on procedural and substantive grounds.

■ Brunner's first contention is answered by the *Scheetz* holding. In that case this court refused to adopt the rule in *Peloso v. Hartford Fire Insurance Co.*, 56 N.J. 514, 267 A.2d 498 (1970), on which Brunner's contention is based. *See* 324 N.W.2d at 305–06. In Iowa the one-year period runs from the date of the casualty. *Olson Enterprises, Inc. v. Citizens Insurance Co. of New Jersey*, 255 Iowa 141, 121 N.W.2d 510 (1963). Thus the trial court did not err in finding that the one-year period commenced with the date of the fire. Brunner is left with his claims of waiver and estoppel.

The distinction between waiver and estoppel is explored in *Scheetz*, 324 N.W.2d at 304–05, and will not be repeated here. We pass defendant's procedural arguments in determining whether the trial court erred in rejecting those defenses. We will assume that error was preserved.

■ We must also assume, however, that the court rejected each defense on its merits, even though only the waiver defense was addressed in the court's ruling. Brunner did not seek an enlargement of the ruling pursuant to Iowa R.Civ.P. 179(b), and in these circumstances we presume the court decided in defendant's favor the facts necessary to support its decision. *See State v. Boelman*, 330 N.W.2d 794, 795 (Iowa 1983). With the appeal in this posture, Brunner is entitled to prevail only if his evidence was so strong the trial court was

compelled to rule for him as a matter of law. *Id.*

Brunner's insured residence was damaged by fire on May 27, 1978. He testified that he promptly notified defendant of the loss, and defendant began an investigation. He hired an adjusting firm to represent him in negotiating a settlement. In October 1978 Brunner went to California after allegedly being assured by the agent from whom he purchased the insurance that he did not need to do anything about the claim before leaving and that he had two years within which to bring suit. Defendant notified Brunner by letter dated April 19, 1979, that it denied liability on the ground of Brunner's alleged complicity in setting the fire. Brunner testified he discovered the letter upon his return to Iowa in May 1979. The present action was started March 27, 1980, 22 months after the date of loss.

The evidence did not establish the relationship between the local insurance agent and defendant. Moreover, the agent testified he did not recall giving Brunner the advice he claimed, and the agent said he would have advised Brunner of the one-year limitation if inquiry had been made. The record also showed Brunner signed a non-waiver agreement at the behest of defendant shortly after the loss.

■ Brunner insists that waiver should be found as a matter of law because only six weeks of the one-year period remained when liability was denied. We recognized in *Scheetz* that other jurisdictions have found waiver "if an unreasonably short time for bringing suit remains out of the prescribed period after the insurer has ceased to hold out inducements such as to delay filing of the action." 324 N.W.2d at 306. We also noted in *Scheetz* that the issue of implied waiver is generally one of fact for the jury. *Id.* at 304; *accord, Shea North, Inc. v. Ohio Casualty Insurance Co.*, 115 Ariz. 296, 298, 564 P.2d 1263, 1265 (Ct. App.1977). We are persuaded that the issue was for the factfinder in the present case.

■ In resolving the issue the court was not obliged to accept Brunner's evidence.

Moreover, shortness of time between denial of liability and the end of the one-year period was merely one relevant factor. The court was required to consider all of the circumstances surrounding the parties' negotiations in determining whether defendant engaged in conduct through which it relinquished the limitation. In the circumstances disclosed in the present record, the court could reasonably find, as it did, that waiver did not occur. Therefore, the court did not err in rejecting Brunner's waiver claim.

■ Nor do we believe the court erred in refusing to hold defendant estopped from relying on the one-year period. Reviewing the evidence on this issue de novo, we find Brunner failed to prove a false representation or concealment of material facts by defendant. *See Dierking v. Bellas Hess Superstore, Inc.,* 258 N.W.2d 312, 315 (Iowa 1977). Contrary to Brunner's assertions, we find no representation by defendant that it would settle the case "as quickly as possible." This is not a situation where liability was admitted and negotiations concerned only the amount due. We find no evidence that defendant made any representation to induce Brunner to delay filing suit beyond the one-year period.

No basis for reversal has been demonstrated.

AFFIRMED.