Tim RUSHING, Appellee,

v.

STATE of Iowa, Appellant.

Douglas SMITH, Appellee,

v.

STATE of Iowa, Appellant.

No. 85–587.

Supreme Court of Iowa.

Feb. 19, 1986.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Sp. Asst. Atty. Gen., and John M. Parmeter, Asst. Atty. Gen., for appellant.

Charles L. Harrington, Appellate Defender, and Linda Del Gallo, Asst. Appellate Defender, Des Moines, for appellees.

Considered by REYNOLDSON, C.J., and HARRIS, MCGIVERIN, SCHULTZ and WOLLE, JJ.

McGIVERIN, Justice.

This is an appeal from judgments by the district court in two postconviction relief actions brought by two inmates of the Iowa State Men's Reformatory pursuant to Iowa Code chapter 663A (1983). These cases arose out of prison disciplinary proceedings. The district court granted the separate applications for postconviction relief, and the State appealed. We now reverse the judgments of the district court and uphold the adjustment committees' disciplinary decisions.

During July and August 1984, in two unrelated incidents, applicants Tim Rushing and Douglas Smith, Iowa Men's Reformatory inmates, were required to provide urine specimens to prison staff members which then were analyzed for the presence of the substance tetrahydrocannabinol (THC), the active ingredient in marijuana. The urinalysis results for both inmates were positive for THC, indicating that applicants had either smoked marijuana or ingested it orally within the thirty-day periods prior to the tests.

Subsequently, both inmates received disciplinary notices charging them with various institutional rule violations for the use and possession of marijuana. Applicants denied the charges; each inmate claimed that he had not smoked or ingested marijuana within the thirty days prior to the administration of the test.

Following separate disciplinary hearings, the prison adjustment committee found each inmate had committed the institutional rule violations charged in his disciplinary notice. The written decision of the committee in each case stated that in reaching its decision, the committee had relied on the evidence of the positive result of the THC analysis indicating that the inmate had smoked or ingested marijuana within the preceding thirty days.

The committee decisions imposed sanctions on both inmates, including solitary detention and loss of good time. Rushing and Smith appealed the adjustment committee's decision in their respective cases to the warden of the reformatory. Iowa Code § 903A.3(2) (1985). Both appeals were denied.

Applicants then sought postconviction relief in district court, Iowa Code section 663A.2(6), on the grounds that the adjustment committee violated their due process rights under the fourteenth amendment to the United States Constitution. They contended that the committee considered the positive THC analysis as irrebuttably and conclusively establishing that each inmate was guilty of possession and use of contraband drugs because the positive test result was the only item listed under the "evidence relied on" section of the written committee decision. Applicants argued that such an irrebuttable presumption was in violation of a United States district court injunction forbidding Iowa reformatory officials from deeming positive THC test results alone as conclusive evidence of possession and use of marijuana. *See Harmon and Burton v. Auger*, C 82–174 (N.D. Iowa 1983), *aff'd in part, rev'd in part*, 768 F.2d 270 (8th Cir.1985).

At separate postconviction relief hearings held to consider each applicant's petition, a reformatory employee who served as a member of the three-person adjustment committee in both cases testified that the committee did not solely rely on the results of the urinalysis in making its decision, but that it also considered each applicant's testimony denying the charges.

The postconviction court in both cases stated that there was no written evidence in the record to support the claim that the inmates' testimony was considered by the committee. The court also ruled that any consideration of an inmate's defense must be reflected in the written disciplinary decision. Therefore, the court concluded it was fundamentally unfair later to hear oral testimony of a committee member that additional evidence was considered at the disciplinary hearing, but was not placed or noted in the committee's written decision. The written decisions stated that the evidence relied on was the urine test results which indicated positive for THC being contained in the urine specimen. The postconviction courts believed the decisions violated the *Harmon v. Auger* federal court injunction. From the district court decisions, the State appealed to us. Iowa Code § 663A.9. The two cases subsequently were consolidated on appeal.

The issue presented for our review is whether due process requires a prison disciplinary committee to expressly state in its written decision that the committee has considered the inmate's defenses in reaching its decision even though those defenses may have not have been believed by the committee.

■ I. *Standard of review.* Applicants assert that their right to due process of law as secured by the fourteenth amendment to the United States Constitution was violated. Therefore, because there are fundamental constitutional rights involved here, we review the case de novo in light of the totality of the circumstances and record upon which the postconviction court ruling was made. *Wagner v. State*, 364 N.W.2d 246, 249 (Iowa 1985).

II. *Due process claim.* In *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court established minimum requirements of procedural due process to be afforded prisoners in disciplinary proceedings. However, the Court noted:

Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply. Cf. *Morrissey v. Brewer,* 408 U.S. [471] at 488 [92 S.Ct. 2593 at 2603] 33 L.Ed.2d 484 [(1972)]. In sum, there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application.

*Id.* at 556, 94 S.Ct. at 2975, 41 L.Ed.2d at 951.

The Court then stated that a prisoner in a disciplinary proceeding was entitled to receive "advance written notice of the claimed violation and a *written statement of the factfindings as to the evidence relied upon* and the reasons for the disciplinary action taken." *Id.* at 563, 94 S.Ct. at 2978, 41 L.Ed.2d at 955 (emphasis added). This court recognized the procedural due process requirements set forth in *Wolff* in *Fichtner v. Iowa State Penitentiary,* 285 N.W.2d 751, 756 (Iowa 1979).

Applicants do not challenge the accuracy of the urine test for THC and its results. Rather, they claim the committee failed to follow the minimum prisoner due process rights established in *Wolff* because the adjustment committee's written decision failed to include in the "evidence relied on" section, or elsewhere in the decision, a statement that the inmate's defenses were considered by the committee in reaching its decision.

 We do not read *Wolff* so broadly. Each applicant was provided with a copy of the decision which included the evidence relied on by the committee in reaching its decision. The committee's decision need only be supported by "some evidence." *Wilson v. Farrier,* 372 N.W.2d 499, 502 (Iowa 1985). The credible evidence relied on by the committee was the urinalysis and its positive indication that the urine sample contained THC and that the donor of the sample had smoked or ingested marijuana in the thirty days prior to giving the specimen. Further, later testimony in the postconviction relief hearings indicated that the inmates' defenses, which were a denial of recent use of marijuana, were considered, but rejected by the committee because it did not believe the applicants' defenses.

In *Ponte v. Real,* 471 U.S. ——, 105 S.Ct. 2192, 85 L.Ed.2d 553 (1985), an inmate raised a due process claim similar to the one at issue here. In *Ponte,* an inmate claimed that his prison disciplinary hearing was conducted in violation of the due process clause because no statement of reasons, as to why witnesses requested by the inmate to testify were not allowed to do so, appeared in the administrative written record of the hearing. The Court held that no due process violation had occurred. The Court stated:

[N]owhere in *Wolff* or *Baxter* [*v. Palmigiano,* 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976)] did we require the disciplinary board to explain why it denied the prisoner's request, nor did we require that those reasons otherwise appear in the administrative record. ....
... We think the answer to that question is that prison officials may be required to explain, in a limited manner, the reason why witnesses were not allowed to testify, but that they may do so either by making the explanation a part of the 'administrative record' in the disciplinary proceeding, *or by presenting testimony in court if the deprivation of a 'liberty' interest is challenged because of that claimed defect* in the hearing. In other words, the prison officials may choose to explain their decision at the hearing, or they may choose to explain it 'later.'

(Emphasis supplied.) *Id.* at ——, 105 S.Ct. at 2195–96, 85 L.Ed.2d at 559.

We believe that the Court's conclusion in *Ponte* allowing prison officials to testify in court, if necessary, to further explain the reason for the committee's procedure and

decision should be applicable to the present case. *Cf. Wilson,* 372 N.W.2d at 502–03 (disciplinary committee member testified at post-conviction hearing that inmate was member of a prison gang that killed another inmate and that a confidential informant was reliable).

■ The district court here did not have the benefit of the *Ponte* decision when considering applicants' cases. However, we conclude in view of *Ponte* that it was appropriate for the court to take evidence of a disciplinary committee member as to whether there were other considerations affecting the decision by the committee. Because testimony taken during the post-conviction relief proceedings from the adjustment committee member indicates that the committee did not solely consider the positive results of the THC test as dispositive on the issue of petitioners' guilt and that the committee did consider applicants' defenses, we conclude the *Harmon* injunction was not violated.

■ We note further, that in a civil law non-jury case where the court has found in favor of a plaintiff, on review we assume the district court considered and rejected each defense of the defendants on its merits even though it was not discussed in the ruling. *Brunner v. United Fire & Casualty Co.,* 338 N.W.2d 151, 152 (Iowa 1983). *See also State v. Boelman,* 330 N.W.2d 794, 795 (Iowa 1983) (assume court in ruling on motion to dismiss for lack of speedy indictment considered necessary facts in the absence of specific factfindings). By analogy, we should be able to give the same regard to a decision of a disciplinary committee as to what the committee considered in reaching a decision on the charges made even though the decision does not state all the items of evidence the committee considered and rejected.

■ III. *Disposition.* We have examined the record and conclude upon de novo review under the totality of the circumstances that the prison disciplinary committees' decisions were supported by "some evidence," and that applicants' due process rights were not violated. Therefore we uphold the committees' decisions and reverse the judgments of the district court.

REVERSED.