Ernest HARPER, Appellant,

v.

STATE of Iowa, Appellee.

No. 85–778.

Supreme Court of Iowa.

Dec. 17, 1986.

Rehearing Denied Jan. 15, 1987.

Charles L. Harrington, Appellate Defender, and John P. Messina, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Sp. Asst. Atty. Gen., Layne M. Lindebak and Sarah J. Coats, Asst. Attys. Gen., and Lucille Hardy, Student Legal Intern, for appellee.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, CARTER, and WOLLE, JJ.

McGIVERIN, Justice.

Petitioner Ernest Harper appeals from the district court's denial of his application for postconviction relief. He contends the attorney general's refusal to provide his appellate counsel with confidential information used to punish him in a prison disciplinary action renders his appellate counsel ineffective and denies him his due process right to meaningful access to the courts. He also asserts that the use of confidential information was constitutionally defective. We affirm.

On October 26, 1983, inmate Scott Hair was assaulted at the Iowa State Penitentiary in Fort Madison. An investigation of the incident by prison officials culminated in the issuance of disciplinary notices to inmates Ernest Harper, Kenneth McGregor and Isiah Williams. The prison disciplinary committee found Harper guilty of violating penitentiary rules relating to assault, sexual misconduct and disruptive conduct in the October 26 assault on Hair. The committee imposed punishment of thirty days' disciplinary detention, loss of good time and one year of administrative segregation. *See* Iowa Code §§ 246.8, 246.41(5) (1983).

Under the prison's disciplinary rules, Harper appealed the decision to the prison warden. The appeal was subsequently denied.

Harper then filed a *pro se* application for postconviction relief, alleging confidential information was improperly used by the disciplinary committee in reaching its decision. *See* Iowa Code §§ 663A.3, 663A.2(6) (1983). Through appointed counsel, Harper later alleged, in reply to the State's motion to dismiss, that the confidential information was insufficient to support the committee's decision.

Harper's trial counsel also moved for an *in camera* examination of the confidential information by the trial court. The court granted the motion and conducted the *in camera* examination, determining the con-

fidential information was not improperly used.

On April 4, 1985, the court, after hearing, denied Harper's petition for postconviction relief. *See* Iowa Code § 663A.7. The court did, however, refer the matter back to the disciplinary committee, requiring the committee to expand its written decision to state separately its reasons for the sanctions imposed.

Harper thereafter filed a *pro se* notice of appeal. *See* Iowa Code § 663A.9. The appellate defender's office was appointed to represent Harper on this appeal. *See* Iowa Code § 13B.4 (1985).

Harper's appellate counsel filed a motion for an order by this court permitting his examination of the confidential information used in Harper's disciplinary proceeding. *See* Iowa R.App.P. 22(c). We denied the motion.

Harper contends, on appeal, that (1) denial of appellate counsel's access to the confidential information renders counsel ineffective and denies Harper his due process right to meaningful access to the courts, and (2) use of confidential information by the prison disciplinary committee was unconstitutional and the evidence was insufficient to support the committee's decision.

I. *Ineffective assistance of counsel and meaningful access to the courts.* Harper's first contention arises from the refusal of the attorney general and this court to allow his appellate counsel to review the confidential information used as a basis for the disciplinary committee's decision. The State argues that error was not preserved on the ineffective assistance of counsel and denial of meaningful access to the courts claims because Harper's trial counsel failed to raise them before the trial court. The State asserts that, in fact, Harper's trial counsel waived this issue by moving for an *in camera* examination of the confidential material by the trial court. That motion was granted and the *in camera* review held.

Prison officials often receive information about incidents in the prison from confiden-

tial informants. The officials then keep the information confidential to preserve institutional security and to protect the identity of the informant. *Wolff v. McDonnell,* 418 U.S. 539, 561–67, 94 S.Ct. 2963, 2977–80, 41 L.Ed.2d 935, 954–57 (1974). The courts have recognized, on the one hand, that disclosure of the names of confidential informants might lead to retaliation against those informants, but, on the other hand, the non-disclosure of information keeps the inmate from learning the specific information upon which the charges against him are based. *Dawson v. Smith,* 719 F.2d 896, 898–99 (7th Cir.1983), *cert. denied,* 466 U.S. 929, 104 S.Ct. 1714, 80 L.Ed.2d 186 (1984). We have upheld the use of confidential information by prison disciplinary committees when appropriate procedures are used to safeguard the inmate's rights. *See Niday v. State,* 353 N.W.2d 92, 94 (Iowa 1984). Some procedures that have been deemed constitutionally adequate to satisfy the dual concerns stated above are the preparation of a confidential report by the disciplinary committee documenting the reliability of the informant and the submission of that report to the court for *in camera* review to determine the adequacy of the evidence to support the disciplinary charge. *Mendoza v. Miller,* 779 F.2d 1287, 1295 (7th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 2251, 90 L.Ed.2d 697 (1986). The report and *in camera* review are deemed to satisfy the inmate's procedural due process rights concerning the confidential information. It is this procedure that Harper attempts to attack on appeal in this action.

Actions for postconviction relief are law actions, reviewable only on errors of law. *Wenman v. State,* 327 N.W.2d 216, 217 (Iowa 1982); *Benton v. State,* 199 N.W.2d 56, 57 (Iowa 1972) (per curiam); *see* Iowa R.App.P. 4. On appeal, we should not address issues, even if of constitutional magnitude, if error has not been preserved on the issue in the postconviction court. *See Hahn v. State,* 306 N.W.2d 764, 766–67 (Iowa 1981).

■ Because Harper's trial counsel did not request access to the confidential information, we cannot rule on whether denial of access to that material rendered Harper's appellate counsel ineffective or denied him meaningful access to the courts. Failure to preserve error bars our review. *See Hahn,* 306 N.W.2d at 766–67. Harper's appellate counsel does not contend that Harper's postconviction-court counsel was ineffective.

II. *Adequacy of evidence to support committee's decision.* Harper does not appeal from the trial court's grounds for its ruling on his application for postconviction relief. The trial court determined that the disciplinary committee had not given sufficient reasons, in its written decision, for the sanctions imposed. The court stated, however, that the confidential information was not improperly used even though it was not properly summarized. Harper claims on appeal that the denial of appellate counsel's access to the confidential information has limited his ability to review the evidence for constitutional error.

Harper relies on *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and *Wilson v. Farrier,* 372 N.W.2d 499 (Iowa 1985). The *Wolff* court held that when a proceeding is instituted against a prison inmate which might result in loss of the prisoner's good time, due process requires that the inmate receive advance notice of the action, a written statement of the evidence upon which the discipline is based, and the reasons for the disciplinary action. 418 U.S. at 563–66, 94 S.Ct. at 2978–79, 41 L.Ed.2d at 955–56.

The record in the trial court reveals that Harper waived any due process claim as to the notice of the action. The trial court found that the disciplinary committee decision specified it was based on confidential information and on prison investigator Louis Galloway's written report of the assault, both of which implicated Harper. The trial court referred the case back to the committee for an expanded statement of reasons for its decision. The record shows this was completed prior to Harper's appeal.

■ Thus, Harper's only remaining challenge to the denial of his postconviction application is on the ground raised in *Wilson v. Farrier,* 372 N.W.2d 499. The standard for reviewing the findings of a prison disciplinary committee is whether the decision is supported by "some evidence" in the record. 372 N.W.2d at 501–02 (citing *Walpole v. Hill,* 472 U.S. 445, ——, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356, 364–65 (1985)). For later applications of this standard, see *Rushing v. State,* 382 N.W.2d 141, 144 (Iowa 1986), and *Losee v. State,* 374 N.W.2d 402, 403 (Iowa 1985).

We have examined the evidence utilized by the disciplinary committee and reviewed *in camera* by the trial court. We conclude that there is at least some evidence provided by Galloway's report and the confidential informants implicating Harper in the October 26, 1983, assault on inmate Hair. The evidence shows that Harper closed the door of a room where Hair was assaulted by two other inmates. Later Harper hosed down with water the area where Hair was assaulted to wash away Hair's blood and cover up the assault. We agree with the district court's ruling that the confidential information was not improperly used.

III. *Disposition.* In summary, (1) we conclude that error was not preserved on Harper's claim concerning access to the confidential information used by the prison disciplinary committee in punishing him for violation of prison rules; and (2) we affirm the ruling of the district court that denied Harper's application for postconviction relief, finding the committee adequately stated the evidence supporting its action and did not make an improper use of the confidential information introduced before it.

AFFIRMED.