Irvin E. JOHNSON, Appellant,

v.

STATE of Iowa, Appellee.

No. 94–2051.

Court of Appeals of Iowa.

Oct. 31, 1995.

**2**

Mary K. Hoefer of Mears Law Office, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and William A. Hill, Special Assistant Attorney General, for appellee.

Considered by HAYDEN, P.J., and HABHAB and HUITINK, JJ.

HUITINK, Judge.

Irvin Johnson challenges the order denying his application for postconviction relief from prison disciplinary action. We affirm.

Irvin Johnson is an inmate at the Iowa State Penitentiary in Fort Madison. On April 22, 1993, he received a disciplinary report charging him with numerous offenses, including a Rule 27 violation for obstructive/disruptive conduct. The discipline stemmed from an incident which occurred on April 22, 1993, while Johnson was working in the prison kitchen. The disciplinary notice stated that at the end of his shift Johnson became involved in an altercation with a prison guard when the guard detained him so his job site could be checked before leaving work. When the guard told Johnson he would have to wait a minute before leaving the kitchen Johnson became angry and stated, "I don't want to hear any of that" and "I won't work overtime, I don't have to."

· After a hearing, the disciplinary committee found Johnson guilty of violating Iowa State Penitentiary Disciplinary Policy and Procedure Rule 27. The rule provides:

An inmate commits an offense under this subsection when the inmate:

a. Transmits through any form of communication, threats, demands, or suggestions which advocate disruptions of any segment of an institution, or

b. Conducts her/himself in a manner which disrupts or interferes with the security, tranquility, or orderly running of the institution . . .

Based on the committee's findings, Johnson was given a sanction of ten days of disciplinary detention, a loss of sixteen days of good conduct time, and restriction to the maximum security cellhouse for fifteen days. After exhausting his administrative remedies, Johnson filed an application for postconviction relief. The district court denied the application. Johnson appeals.

Ordinarily our review of postconviction proceedings is for errors of law. *Hinkle v. State,* 290 N.W.2d 28, 30 (Iowa 1980). When a postconviction petitioner asserts a violation of constitutional rights, however, we make our own evaluation based on the totality of the circumstances. *Id.* Here Johnson asserts that his due process and First Amendment rights were violated. As a result, our review is de novo.

Johnson contends that his conduct on April 22, 1993, did not violate Rule 27. He asserts there is not evidence in the record to support the action taken against him. A disciplinary decision should be upheld if there is some evidence to support it. *James v. State,* 479 N.W.2d 287, 291 (Iowa 1991). The threshold for determining whether some evidence exists is low, and can be satisfied by the report of a correctional officer. *Mahers v. State,* 437 N.W.2d 565, 569 (Iowa 1989). Johnson argues that there is not "some evidence" to support the disciplinary action. We disagree.

The disciplinary committee found Johnson violated part (b) of Rule 27, which prohibits inmates from acting in a manner which disrupts or interferes with the security, tran-

quility, or orderly running of the institution. The district court found that there was "some evidence" to support the disciplinary committee's decision. We agree there is evidence to support the finding that Johnson's conduct was disruptive. Johnson's comments to the correctional officer were confrontational and argumentative in nature. He refused to adhere to the officer's authority and was belligerent in challenging his order. Johnson was doing more than simply expressing his viewpoint. He was defying authority and, in turn, disrupted the orderly running of the institution. We find evidence that Johnson violated Rule 27.

Johnson also contends that the disciplinary action violates his First Amendment free speech rights. He argues that his comments were directed toward another inmate rather than the correctional officer and that, as a result, his speech should have been protected by the First Amendment.

 A prison inmate retains those First Amendment rights not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system. *Pell v. Procunier*, 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495, 501 (1974). When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261–2262, 96 L.Ed.2d 64, 79 (1987). Prisons have a legitimate penological interest in punishing inmates for challenging correctional officers. *See Goff v. Dailey*, 991 F.2d 1437, 1439 (8th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 564, 126 L.Ed.2d 464 (1993) (upholding disciplinary action where inmate directed crude and offensive comments toward prison official). Therefore, if Johnson's comments were directed toward the correctional officer, his speech does not afford First Amendment protection.

We find evidence in the record showing that Johnson's comments were directed to the correctional officer. Given the nature of the events, it is evident that Johnson's statements were made for the benefit of the correctional officer, if not directly to him. The facts contained in the officer's report support this determination. Accordingly, we conclude the disciplinary committee's decision did not violate Johnson's First Amendment rights.

 Finally, Johnson argues that the administrative law judge failed to consider several factors in issuing his decision. Johnson asserts that the judge failed to consider his defense that the correctional officer was biased against him and retaliated against him for the filing of a prior grievance. In his written decision, the administrative law judge did not mention the committee's consideration of this defense. A disciplinary committee, however, is not required to state each consideration made in the determination of disciplinary action. *Rushing v. State*, 382 N.W.2d 141, 145 (Iowa 1986). Although the administrative law judge did not discuss Johnson's bias allegation in his written decision, we can infer from his silence on the issue that the committee rejected the defense. Moreover, on our de novo review, we find Johnson failed to establish that the charges levied against him were false. As a result, he has not shown the essential elements of a retaliation claim. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir.1989).

In summary, we find the disciplinary committee's decision does not violate Johnson's due process or First Amendment rights. We also find that it was not necessary for the administrative law judge to mention Johnson's retaliation defense in his written decision and that Johnson failed to show the necessary elements of his retaliation claim. We affirm disciplinary committee's decision.

**AFFIRMED.**