HANCOCK SAVINGS BANK, Appellant, v. GEORGE MCMAHON et al.,
Appellees.

**BILLS AND NOTES:**  Defenses—Unallowable Defense.  A promissory
1 ˙ note taken by a payee-bank without fraud and on a valuable con-
sideration is not subject to an after-discovered fraud perpetrated
on the same maker in the execution of *another and different* note to
*another and different* party, in a transaction to which the payee-
bank was in no manner a party; and this is true even though the
note in question worked a readjustment or rearrangement of the in-
debtedness represented by the said *other* note.

**PRINCIPAL AND AGENT:**  Knowledge of Agent—When Not Imputed
2  to Principal.  The knowledge acquired by the director of a corpora-
tion as to the proceedings of its directors will not be imputed to
a bank of which the director is cashier, especially when the director-
cashier is interested adversely to the bank.

**APPEAL AND ERROR:**  Appeal—Time of Taking—Statute Control-
3  ling.  The time in which an appeal may be taken from a judgment
is controlled by the statute existing at the time the judgment is
rendered.

   **Headnote 1:**  8 C. J. p. 783.  **Headnote 2:**  7 C. J. p. 534.  **Headnote
3:**  3 C. J. p. 1042.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

MARCH 16, 1926.

ACTION at law upon two promissory notes for $5,000 and
$400, respectively, executed by defendant McMahon and guar-
anteed by his codefendant.  The controversy presented is upon
the defense of the principal defendant.  This was that the
$5,000 note was a mere renewal of a former note or notes to
which the defendant had a valid defense, but had not discovered
the same at the time the note in suit was signed.  The alleged
valid defense was that the original note was obtained by fraud,
and that it was delivered conditionally and the condition vio-
lated.  There was a verdict for this defendant, and judgment
thereon, and the plaintiff has appealed.—*Reversed.*

*Miller, Kelly, Shuttleworth & McManus,* for appellant.

*Stewart & Hextell,* for appellees.

EVANS, J.—I.  Each of the notes in suit was given on November 10, 1922.  The larger note was given in renewal of a former note, and the smaller note was given for interest accrued on such former note.  In our consideration of the case, we shall confine discussion to the $5,000 note.  Our conclusion on that branch of the case will be decisive of the other.

1. BILLS AND NOTES: defenses: unallowable defense.

The note in suit was the second renewal of an original note given by this defendant to the plaintiff on October 28, 1921.  In consideration thereof, the plaintiff surrendered a note of like amount which it had held against one Wencks.  The defense pleaded is predicated upon certain events which occurred on March 16, 1920.  We shall, therefore, take such date as our starting point.  On that date a meeting of the board of directors of a certain corporation known as the Consolidated Chemical Products Company was held in the city of Des Moines.  The following appears as a part of the minutes of such meeting:

"It was decided by the board to borrow some money for the purpose of paying up the standing current indebtedness and buying materials for operation in the future, whereupon, Mr. Fred J. Boie moved, and Dr. McMahon seconded, the following resolution be adopted:

"Resolved that the officers of the Consolidated Chemical Products Company be and they are hereby authorized to borrow money for the payment of current expenses and for the purpose of buying and having on hand materials for future operation, and that they are hereby authorized to pledge the property of the company, including all property, personal and real, belonging to the Consolidated Chemical Products Company, for the purpose of securing and repaying the loan, and that the same be preferred claim upon the property of the company and be paid before any dividends are paid to stockholders.  This resolution was unanimously carried."

The Dr. McMahon named in such minutes is the defendant herein.  He had been a director for several years in such company, and so continued, either as director or president, during the entire time covering the transactions involved herein.  This corporation had its chemical plant located at Alton, Illinois.  The directorate appears to have consisted in the main of phy-

sicians and cashiers of small banks. The corporation itself had no line of credit upon which it could draw for the borrowing of money. The purpose of the foregoing resolution was to offer protection to such of the directors as would aid it in borrowing money. The plan orally adopted at that meeting was that each of the directors would loan $5,000 to the corporation and take the corporation's promissory note therefor. In order to carry out this plan, it was necessary for a majority of these directors to borrow the money themselves, and this they proceeded to do. Wencks was the cashier of the State Bank of Klemme. Boie was the cashier of the Hancock Savings Bank, plaintiff herein. This defendant borrowed $5,000 from the State Bank of Klemme, and gave his note therefor. The corporation guaranteed the note. It also executed its promissory note for a like amount to this defendant. Wencks, the cashier of the State Savings Bank of Klemme, borrowed $5,000 from the Hancock Savings Bank. Boie, cashier of the Hancock Savings Bank, borrowed $5,000 from some other bank. Such were the events of this date. These various notes were renewed by their makers from time to time until October 28, 1921. On that date, by mutual arrangement of the directors, this defendant executed his note for $5,000 to the Hancock Savings Bank, in consideration of which such bank surrendered its Wencks note, and in consideration of which also this defendant received back the $5,000 note held against him by the State Bank of Klemme. The defense pleaded is directed against the note executed by this defendant to the State Bank of Klemme on March 16, 1920. The substance of such defense is: (1) That he received no consideration for it; (2) that it was delivered conditionally, and the condition was broken; (3) that he was deceived and defrauded, in that it was agreed that each director would advance to the corporation the sum of $5,000, whereas some of the directors did not do so.

The further averment is that this defendant had not discovered the fraud or the breach now complained of, at the time he executed the note in suit to the Hancock Savings Bank. We think the defense pleaded is wholly beside the mark. No fraud is charged as against the Hancock Savings Bank in obtaining the defendant's note on October 28, 1921. It had no claim

upon him prior to that time. It did hold the note of Wencks for a like amount. That note was never impeached as a good and valid obligation. Suppose it be true that the defendant had a good and valid defense against the note held by the State Bank of Klemme. This plaintiff had no interest in such note, and could be in no manner affected by a defense thereto, if one had been interposed. Its acceptance of the McMahon note October 28, 1921, in exchange for the Wencks note, was abundant consideration, regardless of whether McMahon himself received any benefit therefrom. His argument is that he had a good defense against the State Bank of Klemme, and that, therefore, the return of such note to him constituted no considera-- tion. The argument is untenable. The case of the defendant is presented upon the theory that his note to the plaintiff on October 28, 1921, was a mere renewal of the note to the State Bank of Klemme. This is a mistaken premise, and has led the defendant quite astray. The plaintiff-bank was not a purchaser of the defendant's note from the State Bank of Klemme. It never had any interest in such note. No question of holder in due course is involved. The original note executed by the defendant, so far as this plaintiff is concerned, was so executed to the plaintiff as payee. No allegation of fraud is directed to ·that transaction. It is simply alleged that the defendant had not yet discovered the fraud. And thus was the case submitted to the jury, on the theory that, if the defendant proved a good defense to his note as against the State Bank of Klemme, and that he had not discovered such defense when he executed his note to the plaintiff-bank, he was entitled to be discharged.

There is some suggestion in argument that, Boie, the cashier of the Hancock Savings Bank, being a director of the corporation, the bank was thereby charged with knowledge of all the doings of the directors of this corporation. The bank was not a member of this directorate. It had no interest in the corporation. It was doubtless sinned against by its own cashier, when he became involved in it, in so far as it induced him to. involve the finances of the bank in the distress of the corporation. Boie, as director of this corporation, was not a cashier of the plaintiff-bank. He had no legitimate power to relate the

2. PRINCIPAL AND AGENT: knowledge of agent: when not imputed to principal.

bank to such enterprise. The business confidences acquired by him, as director of such corporation, were for the exclusive benefit of the corporation, and not for the bank, for which he was cashier. Nor will the law charge the bank with knowledge of facts thus acquired by the cashier, where his interest was adverse to that of the bank. However, the question is not a material one herein. What is plain is that the plaintiff-bank had no responsibility for the events of March 16, 1920. It had a right to deal with the defendant on October 28, 1921, precisely the same as with any other customer. The note then executed by the defendant was a valid and binding obligation, and supported by abundant consideration. No defense to it is disclosed in the pleading. For this reason alone, the verdict should have been directed for the plaintiff.

II. In view of the theory upon which the case was tried, we have, nevertheless, considered the merits of the defense on such theory. Suppose it had been true, upon the record, that the note in suit was a renewal note for the first note given by the defendant to the State Bank of Klemme on March 16, 1920; even so, the defenses clearly fail. The plea of want of consideration because the defendant received nothing is not sustained. It is without dispute that the payee-bank advanced the money to the corporation. That was what the payee-bank was requested to do. The defense of conditional delivery is without merit. The evidence relied on is that of the defendant, who testified that he said to Struthers, at the directors' meeting, that, if all the directors did not put up the amount of $5,000, he wanted his note back. Simply that, and nothing more. Struthers was not the payee of the note. The corporation was not. There was no condition attached to the delivery when it was delivered to the payee and the money received thereon.

The plea of fraud is negatived by the defendant's own testimony. While he claims argumentatively that, whereas the agreement contemplated the raising of $45,000 or $50,000, only $35,000 was raised, and this because some of the directors did not respond, he testified, as a witness, that he did not know how much had been raised, nor what the books showed on that subject. The testimony is without dispute that the books showed at all times the true facts; that, whatever those facts were, they

were at all times available to the defendant. A part of this
time he was president of this corporation. All of this time his
son-in-law was secretary of the corporation, and in possession
of the books. His attitude toward sources of information is in-
dicated by his following testimony:

"Q. You had an opportunity to know about the business
transactions, did you not? A. I could have known. Q. Sure.
You do not claim that anybody kept the records away from
you, or anything of that kind, do you? A. No, I do not. Q. Why,
your own son-in-law kept the records and books, and has for a
long time, has he not? A. Yes, he has kept them. Q. You
do not claim he is keeping any secrets from you? A. No, he
don't try to keep any secrets. Q. You have had all of these
records so you could know for yourself just the nature of the
business? A. I did not look into them."

The defendant called as a witness in his behalf the secre-
tary of the company, who produced the books. After testifying
on direct examination that the books "shows the money that
was put up by the board of directors, and they had given their
notes," he testified on cross-examination as follows:

"I am a son-in-law of Dr. McMahon. Q. At or before the
time of this meeting referred to on March 16, 1920, Mr. A. D.
Struthers had put up $14,600, had he not? A. Yes, sir. Q.
Then that added to the three, $34,725 put up by Ellis, Car-
penter, Boie, McMahon, Ferguson, Turner, and Wencks ex-
ceeded—well, over $50,000, did it not? A. Yes, sir. * * * Q.
So in all, then, the company received, as shown by Exhibit No.
2, the total sum, after the discount was taken out, of $49,325,
did they not, altogether, with what Mr. Struthers had put up
before? A. That is what it totals,—yes."

When it is considered that the charge of fraud pleaded by
the defendant is predicated on the premise that only $35,000
was raised, the tenuity of the defense is both apparent and
transparent. The foregoing shows that no fraud was perpe-
trated, and this is the adequate explanation of the reason why
defendant so long failed to discover it. The case presents the
further anomaly that the jury was directed to return a verdict
against the guarantor, and yet was permitted to render a verdict
in favor of the principal maker. If the defense presented had

merit in its allegation of facts, it would yet be controlled by the following authorities: *First Nat. Bank v. Bensene,* 200 Iowa 1165; *Commercial St. Bank v. Beers,* 199 Iowa 864; *Home Sav. Bank v. Heizer,* 200 Iowa 793; *National Bank of Decorah v. Robison,* 199 Iowa 1044; *State Sav. Bank v. Deal,* 200 Iowa 490.

The plaintiff's motion for a directed verdict should have been sustained against both defendants.

III.   The appellee presents a motion to dismiss the appeal because not taken in time.  The motion is predicated upon the assumption that the appeal should have been taken within four

3. APPEAL AND ERROR: appeal: time of taking: statute controlling.

months, as provided by our present statute.  It was not so taken.  The appeal was taken within the period of six months.  The judgment in this case was entered before the new statute went into effect.  Such being the case, as we have heretofore held, the appeal was in time.  The motion to dismiss is overruled.

The judgment below is reversed.—*Reversed.*

DE GRAFF, C. J., and ALBERT and MORLING, JJ., concur.