**Jeffry D. NIDAY, Appellant,**

v.

**STATE of Iowa, Appellee.**

No. 2–69420.

Supreme Court of Iowa.

Aug. 22, 1984.

Charles L. Harrington, Appellate Defender, and Raymond Rogers, Asst. Appellate Defender, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen. and Mark Hunacek, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, LARSON and SCHULTZ, JJ.

SCHULTZ, Justice.

This appeal involves the validity of the decision of a reformatory disciplinary committee.

In December 1981 Jeffry D. Niday, an inmate at the men's reformatory, was placed in summary segregation. Subsequently, he received a disciplinary notice charging him with various institutional rule violations arising out of incidents which involved assaulting another inmate, making threats, and strongarming. Following a disciplinary hearing, the disciplinary committee found Niday had violated three rules. The decision was based on Niday's admission at the hearing that he had struck another inmate and on confidential information from three other inmates. The committee imposed a penalty of ten days in solitary confinement, an indefinite period of administrative segregation, and some loss of good time. Niday unsuccessfully appealed this decision to the warden and the director of the division of adult corrections.

Niday then sought postconviction relief basing his application upon grounds that the disciplinary committee gave an inadequate statement of evidence or reasons for the decision, improperly relied on confidential information, and refused to disclose the identity of the informant. During the postconviction hearing, the trial court reviewed the confidential material *in camera*. The court concluded there had been no violation of due process and denied relief.

The record discloses that Niday received a disciplinary notice prior to his hearing that disclosed his alleged violations of prison rules. The notice described the nature and general circumstances of the charges and indicated that, after oral notification of these accusations, Niday had admitted an assault, but denied making other threats and strongarming. Niday was neither informed of the identity of the confidential informants, nor allowed to see their statements. Following the hearing, Niday was provided with a copy of the committee's decision which contained a statement of the reasons for the decision and the evidence relied on, which included the confidential statements. Additionally, the committee prepared and preserved written summaries of the statements of the three confidential informants in a separate confidential file. Two written statements and the staff memo which summarized an oral statement were also preserved. This confidential material was made available to the parties hearing Niday's appeals and to the district judge for *in camera* inspection.

On this appeal, the issues have narrowed to Niday's present assertion that his right to due process was violated because the disciplinary committee's written summaries of the confidential information did not include the reasons why the committee believed the information to be credible. Consequently, he) claims he is entitled to expungement of the record and restoration of all good and honor time lost. The State denies that a due process violation occurred, but also argues that even if such a violation occurred, Niday is not entitled to the requested relief. The State raises no claim concerning preservation of error; therefore, we address the issue raised. We cannot accept Niday's claim. Thus, we affirm the trial court.

In *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court established minimum requirements of procedural due process to be afforded prisoners in disciplinary proceedings. The Court held that the Constitution contains no guarantee of "good time" for satisfactory behavior in prison; however, when a state enacts laws that provide good time which may be lost by misbehavior, the prisoner's right in retaining good time rises to the level of "liberty" protected by the due process clause of the fourteenth amendment. *Id.* at 557, 94 S.Ct. at 2975, 41 L.Ed.2d 951. Some form of due process must be applied before an inmate can be deprived of this liberty interest. *Vitek v. Jones,* 445 U.S. 480, 488–89, 100 S.Ct. 1254, 1261, 63 L.Ed.2d 552, 562 (1980); *Picard v. State,* 339 N.W.2d 368, 373 (Iowa 1983). The due process afforded a prisoner must be flexible in the prison setting, and

"one cannot automatically apply procedural rules designed for free citizens in an open society ... to the very different situation presented by a disciplinary proceeding in a state prison." *Wolff,* 418 U.S. at 560, 94 S.Ct. at 2977, 41 L.Ed.2d at 953. More recently, the Supreme Court reaffirmed that "lawfully incarcerated persons retain only a narrow range of protected liberty interests." *Hewitt v. Helms,* 459 U.S. 460 at 467, 103 S.Ct. 864, 869, 74 L.Ed.2d 675, 685 (1983). *Wolff* summarizes the balancing and adjusting of a prisoner's rights against the needs of the prison and sets the tone of prison proceedings as follows:

> Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply. In sum, there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application.

418 U.S. at 556, 94 S.Ct. at 2975, 41 L.Ed.2d at 951 (citations omitted).

The only due process claim which Niday presents on appeal arises out of the disciplinary committee's preparation of a written summary of confidential informants evidence, therefore, we need not discuss matters such as notice, evidence, composition of the hearing committee, or the decision itself. Citing *Rinehart v. Brewer,* 483 F.Supp. 165, 170 (S.D.Iowa 1980), Niday maintains that when confidential information is used by the committee without disclosure of the identity of the informants, the committee must prepare a written summary of such evidence which contains a statement indicating why the committee believes the confidential information relied upon to be credible. The State points out that summaries of the confidential informants' testimony were prepared by the committee and asserts that the information supplied by the summaries, along with the other matters in the record, was sufficient to allow a judicial review of the decision that insured that the inmate would not be the victim of an arbitrary and capricious decision based on mere conclusory allegations.

In our de novo review, we find that, not only did the disciplinary committee have before it adequate information upon which to base a decision but under the total circumstances shown by the record, the committee's summary of the confidential information provided an adequate review of its decision. The committee had information from three informants which had been individually offered to two staff members. Each statement given independently by one of the three informants tends to support allegations of Niday's threats and "strongarm" activities. In addition, Niday's admission partially corroborates the confidential information. The disciplinary committee was aware of the identity of the informants and the exact nature of the information they provided. This provided the committee, and the reporting staff members, with the opportunity to consider any known problems between the informants and the accused. The chair of the disciplinary committee testified at the postconviction proceedings that when staff members provide the committee with confidential information, attesting to its reliability, the committee considers this a strong indication of reliability, especially when the information comes from two sources. In sum, there was sufficient information on the record to convince a reviewing authority that the disciplinary committee undertook such inquiry and correctly concluded that the confidential information was credible and reliable.

We cannot agree with Niday's assertion that due process requires the committee to include a statement indicating why it believes confidential information to be credible in its written summary of the confidential information upon which it relied. All that is required is a record which provides a fair method of review. The statement found in *Dawson v. Smith,* 719 F.2d 896, 899 (7th Cir.1983), appropriately expresses our view:

> While it may have been preferable in a legal context that the IDC [Institution Disciplinary Committee] findings included an assessment of the credibility of the

confidential informant, the failure of the IDC to do so does not rise to the level of a due process violation. After reviewing the materials the IDC had before it—the incident report, the investigator's summary and the confidential information—we have no reason to believe that the IDC did not adopt the credibility determination made by the prison investigator. As indicated in our previous review of the facts, the showing of credibility was sufficient to provide Niday with due process.

AFFIRMED.