**Bill HOWARD, Appellee,**

v.

**STATE of Iowa, Appellant.**

No. 88–510.

Supreme Court of Iowa.

April 19, 1989.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and John M. Parmeter, Asst. Atty. Gen., for appellant.

Philip B. Mears of Mears, Zimmerman & Mears, Iowa City, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and SNELL, JJ.

SNELL, Justice.

The issue raised by this appeal is whether, at a postconviction hearing to review a prison disciplinary proceeding, the district

court may order that confidential information relied upon by the disciplinary committee be disclosed to the inmate's attorney, subject to a protective order. The district court ordered such disclosure in this case. We then granted the State's application for interlocutory review. We reverse and remand.

Applicant, Bill Howard, initiated this postconviction proceeding after being found guilty by a prison disciplinary committee of attempted possession of drugs, in violation of institutional rules 20 and 41. Howard lost sixteen days of good time, and was given ten days of disciplinary detention and an indefinite period of administrative segregation. The committee's determination of guilt was based primarily upon confidential information.

At the hearing before the district court, Howard's counsel moved for disclosure of the confidential information. The district court sustained this motion, subject to a protective order that prohibited counsel from disclosing any of the information to Howard. The order also provided for the exclusion from the courtroom of Howard when his counsel questioned the hearing officer about the information.

■ We note at the outset that Howard's request for disclosure only involves his statutory right to counsel, provided by Iowa Code section 663A.5 (1987). *See Patchette v. State*, 374 N.W.2d 397, 398 (Iowa 1985). Howard has no constitutional right to counsel at a disciplinary hearing or at later proceedings instituted to challenge the results of that hearing. *Williams v. State*, 421 N.W.2d 890, 892 (Iowa 1988).

Howard's exercise of his statutory right to counsel must be balanced against the legitimate institutional needs and objectives of incarceration. *Id.* at 893; *see Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935, 951 (1974); *Losee v. State*, 374 N.W.2d 402, 404 (Iowa 1985). The dilemma is that disclosure of confidential information might lead to retaliation against those from whom it was obtained, but nondisclosure of information prevents the inmate from learning the specific information upon which the charges

against him were based. *See Harper v. State*, 397 N.W.2d 740, 742 (Iowa 1986).

■ We have previously stated that prison officials are entitled to exercise discretion in refusing to disclose the identity of confidential informants in order that the safety of such persons will not be jeopardized. *Williams*, 421 N.W.2d at 893; *Losee*, 374 N.W.2d at 404. However, the use of confidential information by prison disciplinary committees is subject to their utilization of appropriate procedures to safeguard the inmate's rights. *See Niday v. State*, 353 N.W.2d 92, 94 (Iowa 1984). In cases involving confidential information, it is reviewed *in camera* by the district court and the appellate court. *See, e.g., Allen v. State*, 418 N.W.2d 67, 71 (Iowa 1988); *Harper*, 397 N.W.2d at 743 (Iowa 1986); *Losee*, 374 N.W.2d at 403; *Wilson v. Farrier*, 372 N.W.2d 499, 502 (Iowa 1985).

The essence of Howard's argument on appeal is that nondisclosure denies him effective assistance of counsel and that *in camera* inspection of the confidential information by the court does not rectify this problem. He contends his counsel should be allowed to play a role in the development of the factual issues before the district court.

There are two risks associated with disclosure of confidential information to an inmate's counsel: that the information might be disclosed to the inmate either intentionally or inadvertently by counsel. *Wagner v. Williford*, 804 F.2d 1012, 1017 (7th Cir.1986). Whether these risks outweigh an inmate's rights to counsel and due process is a close question, which is illustrated by the experience of the Seventh Circuit.

In *McCollum v. Miller*, 695 F.2d 1044, 1049 (7th Cir.1982), the court stated:

We have no reason to believe that his counsel would give Ramirez–Rodriguez the names of the informants, or information from which those names could be deduced, but we do not know whether it would be safe to allow inmate's counsel access to such reports as a general rule and we do not think the courts or prison

officials should try to decide which lawyers are trustworthy.

The circuit court later declined to adopt a general rule allowing inmates' counsel access to confidential information, relying upon a district court determination that it had no reason to believe counsel "would have the sensitivity to omit reference to any information which may inadvertently reveal the identity of the informant." *Mendoza v. Miller,* 779 F.2d 1287, 1298 (7th Cir.1985).

The very next year the circuit court altered its course. In *Wagner,* 804 F.2d at 1017–18, the court decided access should be granted, subject to the reviewing authority's determination that there is no specific evidence of counsel's untrustworthiness and that options exist, short of withholding the information entirely, to allow counsel access without endangering the sources of the information.

■ We find *McCollum* and *Mendoza* more persuasive than *Wagner* in their balancing of the risks and benefits of disclosure. Accordingly, the disclosure of confidential information to an inmate's counsel should not be made as a general rule. The specific circumstances of this case do not suggest an applicable exception to this rule.

■ As noted in *Williams,* 421 N.W.2d at 893, appellate challenges to the disciplinary committee's actions are limited to those raised by the inmate's application for postconviction relief. Only two of the grounds raised by Howard arguably present factual issues involving confidential information to be decided by the district court: (1) that the committee did not make a good faith determination of the confidential informant's reliability; and (2) that the evidence was not sufficient to support the committee's decision.

When an inmate is disciplined on the basis of confidential information, his interest in a fair hearing requires that there be some indication of the confidential informant's reliability. To that end, we require that there be sufficient information on the record to convince a reviewing authority that the disciplinary committee undertook

such inquiry and correctly concluded that the confidential information was credible and reliable. *Niday,* 353 N.W.2d at 94.

The question of whether the committee's reliability determination was made in good faith is addressed by the second part of this requirement: that the record contain evidence sufficient to convince the reviewing authority that the committee's determination was correct. In this instance, the role of an inmate's counsel, if given access to confidential information, would be primarily to argue the weight to be given evidence in the record. Although we believe, as did the district court, that Howard's counsel is eminently trustworthy and talented, we are persuaded the dangers of inadvertent disclosure outweigh the value of counsel's assistance on this issue.

The role of counsel is even more limited when the inmate is challenging the sufficiency of the evidence to support the disciplinary committee's decision. The district court's responsibility on that issue is merely to determine whether there is some evidence in the record supportive of the committee's decision. *Walpole v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 2773, 86 L.Ed. 2d 356, 385 (1985); *Wilson,* 372 N.W.2d at 502. Again, we do not believe the value of counsel's assistance outweighs the State's interest in institutional safety.

In this case, none of the issues raised by Howard in his application for postconviction relief require that his counsel be given access to confidential information in order for Howard to receive effective assistance of counsel or due process. We therefore conclude the district court erred by ordering such disclosure. We reverse and remand for proceedings consistent with this opinion.

REVERSED AND REMANDED.