Joseph C. BONDS, Appellant,

v.

STATE of Iowa, Appellee.

No. 88–1747.

Supreme Court of Iowa.

Oct. 18, 1989.

Raymond E. Rogers, State Appellate Defender, and B. John Burns, Asst. State Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., Kristin W. Ensign, and Susan Achen, Asst. Attys. Gen., for appellee.

Considered by LARSON, P.J., and SCHULTZ, CARTER, LAVORATO, and ANDREASEN, JJ.

LAVORATO, Justice.

Joseph C. Bonds, an inmate at the Iowa State Penitentiary, was found guilty of vio-

lating a prison rule by the prison disciplinary committee. The committee imposed severe sanctions for this alleged violation: disciplinary detention for fifteen days, loss of 180 days of good conduct time, and administrative segregation for six months. Bonds appealed the committee's ruling to the warden and then to the director of the Iowa department of corrections. At both levels of administrative review Bonds only contended there was no evidence to support the committee's decision. The warden and the director upheld the decision.

Bonds then filed an application for postconviction relief and later an amended application. One of the issues he raised was whether the committee had used improper guidelines in imposing the sanctions.

The district court refused to consider the improper guidelines issue because Bonds had failed to raise it at the administrative level. Bonds appealed, contending that the district court should have considered this issue. We affirm.

Our review is at law. *See Hinkle v. State*, 290 N.W.2d 28, 30 (Iowa 1980).

■ Under our law, postconviction relief is available to prisoners who challenge decisions of prison disciplinary committees. *See* Iowa Code § 663A.2(5) (1987). Before such relief is available, prisoners must first exhaust their administrative remedies by following the appellate procedure in section 903A.3(2). *Aschan v. State*, 446 N.W.2d 791, 792 (Iowa 1989) (prisoner must appeal to warden then to director of Iowa department of corrections before filing application for postconviction relief). The district court found that Bonds had done that here. The State does not challenge this finding.

Iowa Code section 663A.8 provides another hurdle. It pertinently states:

Any ground ... not raised, or knowingly, voluntarily, and intelligently waived ... in any other proceeding the applicant has taken to secure relief, may not be the basis of a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted....

This language means several things to a prisoner challenging a disciplinary decision. First, before the prisoner may assert a ground for relief in a postconviction application, the prisoner must have asserted it in the administrative process. *Cf. Horn v. Haugh*, 209 N.W.2d 119, 120 (Iowa 1973) (the words "not raised" in section 663A.8 refer to matters not raised in original trial as well as to matters not raised in postconviction proceedings). Second, the district court may refuse to consider a ground for relief that the prisoner has waived in the administrative process. Last, even though the prisoner has failed to assert a ground for relief in this process, the district court may, for sufficient reason, consider it.

■ Here Bonds simply failed to assert the guidelines issue before the warden or the director. Bonds, who was represented by counsel in the district court, did not introduce any evidence there to explain this failure. It was his burden to do so. *Cf. Polly v. State*, 355 N.W.2d 849, 856 (Iowa 1984) (postconviction applicant must show statutory "sufficient reason" for failing to challenge alleged errors in original trial). Because of this failure in proof, the district court correctly refused to consider the guidelines issue.

■ Now for the first time Bonds argues that his lack of counsel at the administrative level constitutes statutory "sufficient reason." The district court ruled from the bench. It stated it would not consider the guidelines issue because Bonds had not raised it during the administrative process. Yet Bonds and his attorney stood mute and did not seek to reopen the case to show why Bonds failed to raise the issue earlier. Had they done so the district court might have found sufficient reason for Bonds' failure. Litigants may not remain silent and allow the court to commit an error only to raise it later on appeal. Because Bonds did not alert the district court as to the error he now urges, he did not preserve it for appellate review. *See Miller v. Bonar*, 337 N.W.2d 523, 530 (Iowa 1983); *see also* Allbee & Kincaid, *Error Preservation in Civil Litigation: A Primer for the Iowa Practitioner*, 35

Drake L.Rev. 1 (1985–86) (discussing reasons underlying error preservation doctrine).

Finding no error, we affirm.

AFFIRMED.