**Roger W. JAMES, Appellant,**

v.

**STATE of Iowa, Appellee.**

**Robert John MILLER, Appellant,**

v.

**STATE of Iowa, Appellee.**

**Nos. 90–1130, 90–1137.**

Supreme Court of Iowa.

Dec. 24, 1991.

Mary K. Hoefer, Mears Law Office, Iowa City, for appellants.

Bonnie J. Campbell, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and Kristin W. Ensign, Asst. Atty. Gen., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, NEUMAN and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

In unrelated proceedings, applicants Roger W. James and Robert John Miller, inmates at the Iowa State Men's Reformatory, were found guilty of violating certain prison disciplinary rules. After applicants

had separately exhausted their administrative remedies,[1] each filed an application in the district court seeking postconviction relief. *See* Iowa Code §§ 663A.2(6) and 663A.3 (1989). The district court denied both applications and James and Miller have appealed.

These cases were consolidated for purposes of appeal because of the similarity of the issues being raised by the litigants. We, now, affirm the district court's denial of both applications.

I. *Background facts and proceedings.*

A. *Applicant James.* In October 1988, applicant James received a disciplinary notice charging him with using sandpaper to fashion a sharpened edge on a piece of plastic or plexiglass. After a hearing before the disciplinary Adjustment Committee (committee), James was found guilty of violating a prison disciplinary rule prohibiting the possession of dangerous contraband. As a result of the ruling, James lost sixteen days of good conduct time and received other discipline. James administratively appealed the ruling first to the prison warden, and then to the Director of Corrections. *See* Iowa Code § 903A.3(2). Both appeals were unsuccessful.

James then filed the present application for postconviction relief. *See* Iowa Code §§ 663A.2(6) and 663A.3. He claimed in the postconviction court that there was insufficient evidence to support the committee's finding that he had violated a prison disciplinary rule, and also that the committee violated his due process right to a fair hearing.

In a decision filed on June 20, 1990, the district court denied James' application. James filed a notice of appeal on July 16, 1990.

B. *Applicant Miller.* In March 1989, applicant Miller received a disciplinary notice charging him with the theft of a magazine and another resident's identification. After a hearing before the committee, Miller was found guilty of violating a prison disciplinary rule against theft. As a result

of this finding, Miller lost sixteen days of good conduct time and received other discipline. Miller administratively appealed the ruling first to the prison warden, and then to the Director of Corrections. *See* Iowa Code § 903A.3(2). Both appeals were unsuccessful.

Miller then filed the present application for postconviction relief. *See* Iowa Code §§ 663A.2(6) and 663A.3. He claimed in the postconviction court that there was insufficient evidence to support the committee's finding that he had violated a prison disciplinary rule.

In a decision filed on June 20, 1990, the district court denied Miller's application. Miller filed a notice of appeal on July 19, 1990.

II. *State's motions to dismiss.* On July 1, 1990, an amendment to Iowa Code section 663A.9 went into effect. Prior to this amendment, a postconviction applicant had a right of direct appeal from adverse prison disciplinary rulings. *See* Iowa Code § 663A.9 (1989). Section 663A.9, as amended by 1990 Iowa Acts chapter 1043, section 1 (codified at Iowa Code section 663A.9 (1991)), abrogates that right. The statute now provides:

> An appeal from a final judgment entered under this chapter may be taken, perfected, and prosecuted either by the applicant or by the state in the manner and within the time after judgment as provided in the rules of appellate procedure for appeals from final judgments in criminal cases. *However, if the applicant is seeking an appeal under section 663A.2, subsection 6 [from a prison disciplinary ruling resulting in loss of good conduct time], the appeal shall be by writ of certiorari.*

(Emphasis supplied.)

The State has filed motions to dismiss these appeals. It contends that, because amended section 663A.9 became effective on July 1, 1990, and because applicants James and Miller did not file their notices of appeal until July 16 and 19, 1990, appli-

---

**1.** As discussed in the final division of this opinion, applicant James, however, failed to exhaust his administrative remedies as to one of his assignments of error.

cants no longer have a right to appeal from their adverse prison disciplinary rulings.

Applicants resist the motions to dismiss their appeals. They contend that their rights to appeal became fixed at the time of the postconviction court's final judgments. They argue that, because the postconviction court entered its final judgments denying their applications on June 20, 1990, and because amended section 663A.9 did not become effective until July 1, 1990, they still have the right to direct appeal from the prison disciplinary rulings. We agree with applicants' contentions and conclude that they have the right to direct appeal in accordance with the pre-amended version of Iowa Code section 663A.9.

■ As an initial matter, we note that the right of appeal is not an inherent or constitutional right; it is a purely statutory right that may be granted or denied by the legislature as it determines. *See Boomhower v. Cerro Gordo County Bd. of Adjustment,* 163 N.W.2d 75, 76 (1968). *See generally* 4 Am.Jur.2d *Appeal and Error* § 1, at 533 (1962); 4 C.J.S. *Appeal & Error* § 1, at 65 (1957). However, it is the general rule that, unless the legislature clearly indicates otherwise, "statutes controlling appeals are those that were in effect at the time the judgment or order appealed from was rendered." *Ontjes v. McNider,* 224 Iowa 115, 118, 275 N.W. 328, 330 (1937); *see also Weimer v. Lueck,* 234 Iowa 1231, 1240, 15 N.W.2d 291, 295 (1944) (where appeal was taken after new rules of procedure became effective, but adverse ruling assigned as error was made prior thereto, appeal was disposed of under old rules); *Hancock Sav. Bank v. McMahon,* 201 Iowa 657, 663, 208 N.W. 74, 77 (1926) (where judgment was entered before new statute limiting the time for taking an appeal went into effect, appeal taken therefrom within time allowed by old statute was not subject to motion to dismiss).[2] *See generally* 4 Am.Jur.2d *Appeal and Error* § 300, at 787 (1962); 4 C.J.S. *Appeal & Error* §§ 2–4, at 67–70 (1957).

■ The judgments from which applicants James and Miller appeal were rendered on June 20, 1990. The statute controlling appeals from prison disciplinary rulings which was in effect on that date provided for a right of direct appeal. *See* Iowa Code § 663A.9 (1989). Because statutes controlling appeals are those that were in effect at the time the judgment or order appealed from was rendered, we conclude that applicants James and Miller have rights of direct appeal pursuant to the pre-amended version of section 663A.9.

Accordingly, we overrule the State's motions to dismiss these appeals and proceed to a consideration of the merits of appellants' arguments.

III. *Use of confidential information.* Applicant James contends that the committee improperly relied upon confidential information in concluding that he had violated a prison disciplinary rule prohibiting the possession of dangerous contraband. Applicant Miller likewise contends that the committee improperly relied upon confidential information in concluding that he had violated a prison disciplinary rule against theft. For the reasons that follow, we conclude that the committees properly relied upon confidential information in each case.

■ The United States Supreme Court has enumerated the rights to which inmates of state prisons are entitled in prison disciplinary proceedings. Where a prisoner is charged with serious misconduct and is penalized with the loss of good conduct

**2.** The State argues that this authority was superceded by *Schultz v. Gosselink,* 260 Iowa 115, 148 N.W.2d 434 (1967). *Schultz* outlined the general rule that statutory changes which are substantive in nature may only be applied prospectively, whereas statutory changes which are procedural in nature may be applied both retroactively and prospectively. 260 Iowa at 118–19, 148 N.W.2d at 436. The State argues that the right of appeal should be characterized as procedural and hence that amended section 663A.9 should be applied retroactively to applicants James and Miller. However, we do not believe that the general considerations outlined in *Schultz* supercede the narrow and controlling rule outlined in *Ontjes* that statutes controlling appeals are those that were in effect at the time the judgment or order appealed from was rendered.

time or with punitive segregation, the prisoner's rights include: 1) advance written notice of the charges; 2) an opportunity to call witnesses and present documentary evidence, provided that to do so will not jeopardize institutional safety or correctional goals; and 3) a written statement by the factfinder of the evidence relied upon and the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Furthermore, in order for a decision of a prison disciplinary board revoking good conduct time to satisfy the requirements of due process, there must be "some evidence" in the record to support the board's decision. *Superintendent v. Hill*, 472 U.S. 445, 455–56, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356, 365 (1985) (the relevant question is whether there is any evidence in the record that could support the disciplinary committee's decision); *Mahers v. State*, 437 N.W.2d 565, 569 (Iowa 1989); *Wilson v. Farrier*, 372 N.W.2d 499, 502 (Iowa 1985); *see also Fichtner v. Iowa State Penitentiary*, 285 N.W.2d 751 (Iowa 1979).

We have held that confidential information statements may provide sufficient evidence for prison disciplinary action. *See Wilson*, 372 N.W.2d at 502. However, neither prison inmates nor their attorneys have absolute due process rights to confront or cross-examine informants supplying such information. *Wolff*, 418 U.S. at 567–69, 94 S.Ct. at 2980–81, 41 L.Ed.2d at 957–58; *Wilson*, 372 N.W.2d at 502. *See generally Howard v. State*, 439 N.W.2d 193, 194 (Iowa 1989); *Niday v. State*, 353 N.W.2d 92, 93–94 (Iowa 1984). Thus, prison officials are entitled to exercise discretion in refusing to disclose the identity of confidential informants in order that the safety of such persons will not be jeopardized. *Howard*, 439 N.W.2d at 194; *Williams v. State*, 421 N.W.2d 890, 893 (Iowa 1988). Furthermore, a disciplinary board has the right to rely on a confidential informant's statements and to disbelieve an inmate's denials, *Wilson*, 372 N.W.2d at 502; *Kelly v. Nix*, 329 N.W.2d 287, 294 (Iowa 1983), and it need not state why it believes the informant rather than the inmate. *Niday*, 353 N.W.2d at 94.

When an inmate is disciplined on the basis of confidential information, however, his interest in a fair hearing requires that there be some indication of the confidential informant's reliability. *Howard*, 439 N.W.2d at 195. To that end, there must be sufficient information in the record to convince a reviewing authority that the disciplinary committee undertook such inquiry and correctly concluded that the confidential information was credible and reliable. *Id.; Niday*, 353 N.W.2d at 94. The reliability of confidential information may be established by *inter alia, in camera* review of material documenting an investigator's assessment of the credibility of a confidential informant. *See McKinney v. Meese*, 831 F.2d 728, 731 (7th Cir. 1987); *Dawson v. Smith*, 719 F.2d 896, 899 (7th Cir.1983).

Based upon the foregoing principles, we believe that the committee's decisions revoking the good conduct time and imposing other discipline on applicants James and Miller are supported by "some evidence" in the record. More specifically, the committee properly relied upon confidential information in reaching its decisions because there is some indication that it was credible and reliable.

A. *Applicant James.* As stated above, applicant James was charged with using sandpaper to fashion a sharpened edge on a piece of plastic or plexiglass while in the prison maintenance shop, and thereby possessing dangerous contraband. The committee stated in its decision that it relied on and believed certain confidential informants' statements, all of which corroborated the charge that James was sanding plastic or plexiglass with sandpaper. The reliability of these statements was supported by the statement of a correctional officer who found plastic shavings at James' work station in the maintenance shop. *Cf. Dawson*, 719 F.2d at 899 (due process complied with where committee adopted reliability determination of investigator). Other information contained in these statements further satisfies us that the confidential information was reliable.

In sum, we hold, based upon our *in camera* review of the confidential statements, that there was "some evidence" sufficient to support the committee's decision. More specifically, the committee properly relied upon the confidential information because there is sufficient evidence to conclude that the information was reliable and credible. Accordingly, we affirm the postconviction court's ruling denying James' application as to this assignment.

B. *Applicant Miller.* Applicant Miller was charged with the theft of a magazine and another inmate's identification. The committee's decision discloses that it relied on and believed certain confidential informants' statements corroborating these charges. The reliability of these statements was supported by the fact that an inmate-informant incriminated himself by the information he provided. *See Freitas v. Auger,* 837 F.2d 806, 811 (8th Cir. 1988) (there was sufficient indication of reliability of confidential informant's statements where statement was against informant's penal interest). Their reliability was also supported by the fact that Miller was the only inmate with access to the area where the magazine and identification were located on the night the theft occurred.

We hold, based upon our *in camera* review of the confidential statements, that the foregoing information is sufficient to conclude that the confidential statements were reliable and credible, and thus that there was "some evidence" to support the committee's finding that Miller had violated a disciplinary rule. Accordingly, we affirm the postconviction court's ruling denying Miller's application for postconviction relief.

IV. *Right to a fair hearing.* Applicant James claimed in the postconviction court that the committee violated his due process rights to a fair hearing, contending that the committee both charged him with, and found him guilty of, a rule violation. The postconviction court refused to consider James' contentions because he had failed to raise them in his administrative appeals to the prison warden and to the Director of Corrections. We agree with the court.

As a general matter, before a prison inmate may assert a ground for relief in a postconviction proceeding, the inmate must have exhausted his administrative remedies by asserting that ground in the administrative process. *See Richmond v. State,* 464 N.W.2d 125, 126 (Iowa 1990); *Bonds v. State,* 447 N.W.2d 135, 136 (Iowa 1989). However, two requirements must be met before the exhaustion requirement will be applied: 1) there must be an administrative remedy for the claimed wrong; and 2) the governing statutes must expressly or impliedly require administrative remedies to be exhausted. *Aschan v. State,* 446 N.W.2d 791, 793 (Iowa 1989). We have explicitly held that the statutes governing appeals from prison disciplinary rulings, Iowa Code sections 663A.2(6) and 903A.3(2), require administrative appeals to be exhausted. *Id.* at 794.

We believe the exhaustion requirement applies to James' contentions because an administrative remedy existed for his claimed wrongs. James argues that the committee's alleged failure to follow certain procedures deprived him of his procedural due process rights to a fair hearing. He seeks restoration of his good conduct time credits and expungement of the disciplinary actions from his record. This form of remedy is clearly within the jurisdiction of the prison warden and the Director of Corrections, who have the statutory power to "affirm, modify, *remand for correction of procedural errors,* or reverse" the decision of the administrative law judge, warden, or warden's designee. Iowa Code § 903A.3(2) (emphasis supplied).

Because the exhaustion requirement applies to James' claims, and because he failed to assert his claims in his administrative appeals, the postconviction court was free to refuse to consider them. *Bonds,* 447 N.W.2d at 136. Accordingly, we affirm the postconviction court's ruling denying James' application as to this assignment.

V. *Disposition.* In sum, we overrule the State's motions to dismiss these ap-

peals. We affirm the postconviction court's denials of James' and Miller's applications for postconviction relief.

AFFIRMED ON BOTH APPEALS.