# IN THE COURT OF APPEALS OF IOWA

No. 19-1106
Filed August 5, 2020

**NOEL J. BENDER,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Plymouth County, Julie Schumacher, Judge.

Noel Bender appeals the summary disposition of his application for postconviction relief. **AFFIRMED.**

Mark C. Meyer, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee State.

Considered by Doyle, P.J., and Mullins and Greer, JJ. Schumacher, J., takes no part.

**MULLINS, Judge.**

Noel Bender appeals the summary disposition of his application for postconviction relief. On appeal, he argues his counsel on direct appeal from his criminal conviction—third-offense domestic abuse assault as a habitual offender—as well as his counsel in the postconviction-relief proceeding were ineffective in failing to argue his trial counsel was ineffective in "failing to insist that the trial court engage in an adequate colloquy with [him] regarding his admission to prior convictions in order to ensure that [his] admission was voluntary and intelligently made."

While the State agrees the underlying criminal file is part of our record on appeal, it has not been presented to us. And, while recent legislation requires "[t]he underlying trial court record containing the conviction for which an applicant seeks postconviction relief" to "automatically become part of the record in a claim for postconviction relief," that statute did not become effective until July 1, 2019. *See* 2019 Iowa Acts ch. 45, § 2 (codified at Iowa Code § 822.6A (Supp. 2019)); *see also* Iowa Const. art. 3, § 26 (stating effective date of laws). The statute was not effective at the time Bender filed his application in August 2018 or at the times summary disposition was entered and appeal was taken in June 2019. *See State v. Macke*, 933 N.W.2d 226, 228, (2019) ("[U]nless the legislature clearly indicates otherwise, 'statutes controlling appeals are those that were in effect at the time the judgment or order appealed from was rendered.'" (quoting *James v. State*, 479 N.W.2d 287, 290 (Iowa 1991)). And there is no indication in the record the underlying criminal file was placed before the district court or made part of the postconviction record by other means. Thus, it is not part of our record on appeal

and we are unable to consider it. *See* Iowa R. App. P. 6.801 ("Only the original documents and exhibits filed in the district court case from which the appeal is taken, the transcript of proceedings, if any, and a certified copy of the related docket and court calendar entries prepared by the clerk of the district court constitute the record on appeal."); *In re M.M.*, 483 N.W.2d 812, 815 (Iowa 1992) ("We limit our review to the record made [below]."); *In re Marriage of Keith*, 513 N.W.2d 769, 771 (Iowa Ct. App. 1994) ("[C]ounsel has referred to matters apparently not a part of the record of this appeal. We admonish counsel to refrain from such violations of the rules of appellate procedure. We are limited to the record before us and any matters outside the record on appeal are disregarded.").

As the appellant, it was Bender's "duty to provide a record on appeal affirmatively disclosing the alleged error relied upon." *In re F.W.S.*, 698 N.W.2d 134, 135 (Iowa 2005). And it would be improvident of us to speculate on what occurred in the criminal proceeding so we decline to do so. *See id.* at 135–36. The parties' indications as to what occurred are insufficient to fill the void. *Cf. Smith v. Iowa Bd. of Med. Exam'rs*, 729 N.W.2d 822, 828 (Iowa 2007) (stating the "recitation" of what occurred in a lower proceeding "is not a substitute for the required appellate record").

There is question of whether we have authority to preserve claims of ineffective assistance of appellate and postconvction counsel. *See* Iowa Code § 814.7; *compare Moore v. State*, No. 15-1779, 2017 WL 2461427, at *13 (Iowa Ct. App. June 7, 2017) (claiming we "have no authority to 'preserve' a claim of ineffective assistance of postconviction counsel"), *and Cole v. State*, No. 15-0344, 2016 WL 7395722, at *2 (Iowa Ct. App. Dec. 21, 2016) (same), *with Giambo v.*

*State*, No. 16-2032, 2017 WL 6516785, at \*2 (Iowa Ct. App. Dec. 20, 2017) (preserving claim of ineffective assistance of postconviction counsel over objection of partial dissenter), *and Moody v. State*, No. 16-1465, 2017 WL 4843182, at \*4 (Iowa Ct. App. Oct. 25, 2017) (same). But ineffective assistance of successive counsel can provide a sufficient reason for a successive application. *Jones v. State*, 545 N.W.2d 313, 314 (Iowa 1996). So Bender "may file another application for postconviction relief and assert this or any other claim" so long as he does so within the time restrictions of chapter 822. *Moore*, 2017 WL 2461427, at \*13.

Absent an adequate record to determine the claim, we have no choice but to affirm. *See Alexander v. State*, 17-0390, 2020 WL 820329, at \*3 (Iowa Ct. App. Feb. 19, 2020).

**AFFIRMED.**