# IN THE COURT OF APPEALS OF IOWA

No. 19-1231
Filed September 23, 2020

**NOEL J. BENDER,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Plymouth County, Julie Schumacher, Judge.

Noel Bender appeals the summary disposition of his application for postconviction relief. **AFFIRMED.**

Michael J. Jacobsma of Jacobsma Law Firm, P.C., for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee State.

Considered by Doyle, P.J., and Mullins and Greer, JJ. Schumacher, J., takes no part.

**MULLINS, Judge.**

In 2015, Noel Bender was found guilty of third-offense domestic abuse assault as a habitual offender, but we reversed his conviction and remanded for a new trial on the basis that his attorney was ineffective in failing to object to the inclusion of an erroneous intimate-relationship alternative contained in the marshalling instruction for the crime. *State v. Bender*, No. 15-1595, 2016 WL 6396227, at *1–3 (Iowa Ct. App. Oct. 26, 2016). On remand, Bender waived his right to a jury trial and was found guilty as charged. *State v. Bender*, No. 17-0646, 2018 WL 1633514, at *1 (Iowa Ct. App. Apr. 4, 2018). Bender stipulated to the prior offenses supporting sentencing enhancement. On direct appeal following retrial, we rejected Bender's challenge to the sufficiency of the evidence supporting the "household member" element of the charge and affirmed his conviction. *Id.* at *1–2.

In October 2018, Bender filed the application for postconviction relief precipitating this appeal, in which he appeared to assert the same claim he raised in his first direct appeal. The State moved for summary disposition. The matter proceeded to an unreported hearing in June 2019, after which the court granted the State's motion, recognizing the ineffective-assistance claim did not stem from his retrial and he was therefore not entitled to relief. Bender subsequently filed motions for summary disposition and reconsideration. He filed his notice of appeal before the court ruled on either motion.

On appeal, Bender argues his counsel in his second direct appeal from his conviction as well as his counsel in the postconviction-relief proceeding were ineffective in failing to argue his trial counsel was ineffective in "failing to insist that

the trial court engage in an adequate colloquy with [him] regarding his admission to prior convictions in order to ensure that [his] admission was voluntary and intelligently made."[1]

Bender made the same claim in a prior appeal involving the summary disposition of another of his applications for postconviction relief stemming from the same criminal case. *See Bender v. State*, No. 19-1106, 2020 WL 4499768, at *1 (Iowa Ct. App. Aug. 5, 2020). We affirmed because there was no indication in the record the underlying criminal file was made part of the record before the district court and the record was therefore insufficient to facilitate our review. *See id.* at *1–2.

In the prior appeal from denial of postconviction relief, the underlying criminal file was not transmitted to this court. In this appeal, the underlying criminal file has been transmitted to us. While we again find no indication in the record that the underlying file was judicially noticed by, or otherwise placed before, the district court,[2] given our disposition we will assume it was for purposes of judicial

---

[1] In his argument heading, Bender also suggests postconviction counsel was ineffective in failing to consolidate the postconviction action precipitating this appeal with another pending postconviction action "so that the two matters could be considered together." Because he presents no substantive argument on this point, we deem it waived. *See* Iowa R. App. P. 6.903(2)(g)(3).

[2] While the State agrees the underlying criminal file is part of our record on appeal due to recent legislation requiring "[t]he underlying trial court record containing the conviction for which an applicant seeks postconviction relief" to "automatically become part of the record in a claim for postconviction relief," that statute did not become effective until July 1, 2019. *See* 2019 Iowa Acts ch. 45, § 2 (codified at Iowa Code § 822.6A (2020)); *see also* Iowa Const. art. 3, § 26 (stating effective date of laws). The court granted summary disposition in June 2019, so it did not automatically become part of the record in the district court or on appeal. *See State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019) ("[U]nless the legislature clearly indicates otherwise, 'statutes controlling appeals are those that were in effect at the time the judgment or order appealed from was rendered.'" (quoting *James v.*

economy. We proceed to the merits under a de novo review. *See Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

For his claim that trial counsel was ineffective in failing to object to the adequacy of the colloquy concerning prior convictions, Bender complains the court failed to follow the colloquy requirements for admitting to prior convictions that was laid out by our supreme court in *State v. Harrington*, 893 N.W.2d 36, 45–46 (Iowa 2017). The State counters that the guidelines laid out in *Harrington* only apply prospectively and points out Bender's colloquy occurred prior to the *Harrington* decision. We have so held before. *See State v. Thornburg*, No. 16-2019, 2017 WL 4049526, at *4–5 (Iowa Ct. App. Sept. 13, 2017); *State v. Wade*, No. 16-0867, 2017 WL 2181450, at *4 (Iowa Ct. App. May 17, 2017).[3]

In any event, stipulating to prior convictions is akin to a guilty plea. *See Harrington*, 893 N.W.2d at 41, 42, 45. To satisfy the prejudice prong of an ineffective-assistance claim in relation to guilty-plea inadequacies and, by extension, stipulating to prior convictions, the defendant must demonstrate, among other things, "a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty [or stipulated] and would have insisted on going to

---

*State*, 479 N.W.2d 287, 290 (Iowa 1991))); *see also* Iowa R. App. P. 6.801 ("Only the original documents and exhibits filed in the district court case from which the appeal is taken, the transcript of proceedings, if any, and a certified copy of the related docket and court calendar entries prepared by the clerk of the district court constitute the record on appeal."); *In re M.M.*, 483 N.W.2d 812, 815 (Iowa 1992) ("We limit our review to the record made [below].").

[3] But we have also recognized that *Harrington* does apply to non-final cases pending in the district court or on direct appeal at the time *Harrington* was issued. *State v. Miller*, No. 16-2110, 2018 WL 1099580, at *8 (Iowa Ct. App. Feb. 21, 2018); *State v. Allie*, No. 17-0190, 2018 WL 739297, at *5 (Iowa Ct. App. Feb. 7, 2018).

trial." *State v. Petty*, 925 N.W.2d 190, 196 (Iowa 2019) (quoting *State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006)). Even if he would have insisted on going to trial on the prior convictions, Bender must show "a reasonable probability that . . . the result of the proceeding would have been different." *State v. Booth-Harris*, 942 N.W.2d 562, 577 (Iowa 2020) (quoting *State v. Ary*, 877 N.W.2d 686, 705 (Iowa 2016)). Bender makes no claim he would have insisted on going to trial or that the result would have been different. The minutes of evidence detailed Bender's criminal history to include three misdemeanor domestic-abuse-assault convictions, two felony drug convictions, and one felony theft conviction. The minutes stated witness testimony would be provided as to the convictions. The record also shows the State was in possession of certified judgment entries as to two of the domestic-abuse-assault convictions and all three felony convictions. With this evidence in the hands of the State, we find no reasonable probability that, but for counsel's alleged error, Bender would have insisted on proceeding to trial or that the result of the proceeding would have been different. As a result, Bender was not prejudiced, and trial counsel was not ineffective. Because trial counsel was not ineffective, subsequent counsel were not ineffective in failing to raise the issue. We affirm.

**AFFIRMED.**