# IN THE COURT OF APPEALS OF IOWA

No. 19-1717
Filed December 16, 2020

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**RAMON HERNANDEZ,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Crawford County, Jeffrey A. Neary,

Judge.


　　　　Ramon Hernandez appeals his sentence, asserting ineffective assistance

of his resentencing counsel. **AFFIRMED.**


　　　　Krisanne C. Weimer of Weimer Law, P.C., Council Bluffs, for appellant.

　　　　Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee.


　　　　Considered by Vaitheswaran, P.J., Tabor, J., and Vogel, S.J.*

　　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**VOGEL, Senior Judge.**

On December 8, 2017, Ramon Hernandez's guilty plea to homicide by vehicle, controlled substance violations, and supplying alcohol to minors was accepted and sentence imposed. Hernandez appealed. This court affirmed the convictions but vacated the sentences in part. *State v. Hernandez-Mendoza*, No. 18-0083, 2019 WL 1932539, at *2–5 (Iowa Ct. App. May 1, 2019). We remanded for the district court to amend certain portions of the original sentence, finding "these errors are not so fundamental as to require a full resentencing where the parties are free to argue for harsher or lighter sentences." *Id.* at *5. A resentencing hearing was held on September 26, 2019. The district court imposed the amended sentence on September 27, 2019.

Hernandez now appeals, asserting his "counsel was ill-prepared for the resentencing, in particular the pivotal issue regarding the appropriate mandatory minimum to be imposed." Notably, he does not claim his sentence was illegal. Rather he asserts, "[i]t is difficult to say whether the resentencing would have been different but for counsel's deficiencies." However, on July 1, 2019, new legislation took effect that prohibited ineffective-assistance-of-counsel claims "on direct appeal from the criminal proceedings." 2019 Iowa Acts ch. 140, § 31 (codified at Iowa Code § 814.7 (Supp. 2019)). Because Hernandez's newly imposed sentence was entered after the effective date of this legislation, "we lack authority to consider [his] ineffective-assistance-of-counsel claims on direct appeal." *State v. Damme*, 944 N.W.2d 98, 109 (Iowa 2020); *see also State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019) (reaffirming the long-standing precedent that "statutes controlling

appeals are those that were in effect at the time the judgment or order appealed from was rendered" (quoting *James v. State*, 479 N.W.2d 287, 290 (Iowa 1991))).

**AFFIRMED.**