# IN THE COURT OF APPEALS OF IOWA

No. 18-0130
Filed February 19, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JEFFREY DANIEL KRONE,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Todd A. Hensley, District Associate Judge.


Jeffrey Krone appeals his conviction and sentence for possession of a controlled substance—methamphetamine—following the entry of his guilty plea. **CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**


Rees Conrad Douglas, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.


Heard by Vaitheswaran, P.J., and Doyle and May, JJ.

**DOYLE, Judge.**

Jeffrey Krone appeals his conviction and sentence for possession of a controlled substance—methamphetamine—after pleading guilty to the crime. On appeal, he raises many issues pro se. His appellate counsel also challenges Krone's sentence. Both Krone and his counsel contend Krone's trial counsel rendered ineffective assistance.

Upon our review, we find Krone's failure to move in arrest of judgment for the alleged defects in his guilty plea precludes our review of the issue. Given that Krone claims he received ineffective assistance of counsel, we preserve those claims for possible postconviction-relief proceedings. Finally, we vacate Krone's sentence and remand the case to the district court for resentencing consistent with this opinion. We affirm in all other respects.

## I.  Background Facts and Proceedings.

The record reveals these facts. Krone was arrested and accused of knowingly or intentionally possessing methamphetamine, a controlled substance, in violation of Iowa Code section 124.401(5) (2017). The criminal complaint filed that day by Sioux City Police Officer Jordan Burns stated:

> On 8/16/17 at approx 0035 hours the def. was sitting in a black Ford Explorer . . . parked . . . in the alley to the south of [the street and] was . . . taking up the width of the alley. When police made contact with the def. who was in the drivers seat of the black Explorer. A small bag of a white crystal substance was observed on the floor board between the def. feet. The white crystal substance field tested positive for methamphetamine and weigh approximately .4g.

Later the State filed its trial information, along with minutes of testimony, charging Krone with the possession offense.

A written guilty plea and waiver of rights was submitted by Krone or his counsel. The plea form contained two signatures—one on the line for the defendant, and another by Krone's counsel. By signing the form, Krone would have acknowledged, among other things,

> that by executing this Written Plea of Guilty and Waiver of Rights form . . . I admit that I did commit the crime to which I am pleading guilty, that I committed the elements of this crime and that I may lose my liberty because of it.
> What I actually did in Woodbury County, Iowa, on or about the date stated in the trial information was: knowingly or intentionally possessed a controlled substance to wit, Methamphetamine.
> Knowing and understanding all of my rights and having had them fully explained to me, I desire to plead guilty . . . .

The district court later entered an order accepting the written guilty plea. The court noted sentencing was contested and set a sentencing hearing.

The sentencing hearing occurred about a month later as scheduled. The court's order stated it found Krone's guilty plea to be voluntarily and intelligently made by Krone. The court accepted the plea and sentenced Krone:

> The Defendant is committed to the Woodbury County Jail for a period of 180 days. Of this sentence, 177 days are suspended.
> The Defendant is given credit for 9.5 hours already served pursuant to Iowa Code § 903A.5.
> In lieu of the jail sentence imposed in this Sentencing Order, the Defendant may serve 10 days on electronic monitoring. . . .[1]
> . . . .
> The Defendant shall make restitution . . . for correctional fees and medical services received by the Defendant pursuant to Iowa Code § 910.1(4) and Iowa Code § 356.7 . . . .
> The Defendant is fined $315.00 plus thirty-five percent surcharge plus $10.00 D.A.R.E. surcharge plus $125.00 law enforcement initiative surcharge. . . .
> The Iowa Department of Transportation is ordered to revoke the Defendant's driver's license or driving privilege for 180 days pursuant to Iowa Code § 901.5(10).

---

[1] "Per agreement the number of days for electronic monitoring was changed from ten days to seven days" by a *nunc pro tunc* order.

> The Defendant is placed on probation . . . for a period of one year(s). . . . The Defendant shall pay a probation enrollment fee in the amount of $300.00.
>
> The Defendant shall obtain a substance abuse evaluation within 30 days of sentencing and will comply with all recommendations thereof for a period of twelve months.
>
> . . . .
>
> Costs are taxed to the Defendant.
>
> . . . .
>
> Upon review the court FINDS that Defendant is not reasonably able to pay attorney fees.

The court's order explained the sentence it imposed was "based on the facts shown to the court, the plea agreement, presentence investigation or NCIC criminal history report and/or for reasons of deterrence." Additionally, Krone

> was advised of the Defendant's right to a fifteen day delay before sentencing. The Defendant was advised of the Defendant's right to file a motion in arrest of judgment challenging the plea of guilty based on alleged defects in the plea proceedings and that failure to raise such challenges precludes the right to assert them on appeal.

Krone filed a timely notice of appeal.[2,3] After the notice was filed, Krone wrote a letter to the district judge:

> I'm just writing to you because I was never able to contest my sentence for a deferred sentence. My [appointed trial attorney] had me sign a piece of paper that was suppose[d] to be for defendant only I was told, [and] then after I sign it, the day of sentencing she tells me the deferment was off the table and I ended up getting screwed, because she had me go home as well. All I want to do is get a reversal so I can get a deferred judgment, so there will be no loss of license, so I can get a job, this has already cost me 3 of them, [and] put this behind me [and] better my life. Thank you.

---

[2] Krone's appellate counsel moved to withdraw pursuant to Iowa Rule of appellate Procedure 6.1005 (frivolous appeals). The supreme court denied the motion, finding the appeal was not frivolous.

[3] Our supreme court decided recent amendments to Iowa Code section 814.6 (2019), limiting direct appeals from guilty pleas apply only prospectively and do not apply to cases, like this one, pending on July 1, 2019. *See State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019).

The district court acknowledged it had received Krone's letter but noted Krone had filed a notice of appeal. Even so, because Krone "appear[ed] to be arguing that he did not ultimately agree to the Sentence imposed," the court noted a hearing on Krone's letter could be set if Krone and his counsel so desired. The court requested notification.

Krone sent another letter to the district court to inform the court he had contacted his appointed appellate counsel seeking his appeal be withdrawn "in order to get my case placed back into your jurisdiction." Krone then disputed the underlying facts of the case to which he pled guilty. He stated

> I wanted to plea[d] not guilty from the start, but [my appointed trial counsel] basically never gave me the option, told me I had the best chance at getting the deferment [and had] me sign the piece of paper . . . with a guilty plea [and] basically screwing me out of my chance to contest as well.

The court acknowledged receiving Krone's letter and scheduled a hearing and advised no hearing would take place if the appeal remained pending. At the hearing, the court was advised Krone's appeal was proceeding. Because the court lacked jurisdiction, the court took no further action.

New appellate counsel was appointed to Krone. Krone wrote a letter to the district court "to request the appeal be withdrawn and brought back into [the district court's] jurisdiction." Krone stated he wanted to withdraw his guilty plea that he "was never consulted with about, and was kept in the dark pretty much through this whole ordeal."

The court received another letter from Krone the next month. Krone stated he had reviewed the bodycam video of his arrest and suggested the police officer planted drugs in his vehicle. Krone alleged his signature on the plea form was

forged and claimed his appointed trial counsel "took it upon herself to remove all of [his] rights." Again, the court acknowledged receipt of Krone's letter but because it lacked jurisdiction, it took no further action.

Krone later wrote letters to the Iowa Supreme Court. He submitted a pro se supplemental proof brief and also responded to the State's proof brief and designation. The supreme court on its own motion noted that, effective July 1, 2019, new legislation prohibits represented defendants from filing any pro se documents. The court directed that whether Krone's filings should be considered be submitted with the appeal.

Krone's pro se brief alleges many errors and illegalities in his underlying plea and sentence. He again claims that the illegal substance found in his vehicle was planted by the officers and that his trial counsel forged his signature on the written plea form. He also asserts other claims, including that an officer removed his registration from his vehicle and that he "was forced to set up a payment arrangement" with the court.

## II. Standard of Review.

An appellate court generally reviews a challenge to a guilty plea for corrections of errors at law, *see State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010), while sentencing decisions are reviewed for an abuse of discretion, *see State v. Wickes*, 910 N.W.2d 554, 564 (Iowa 2018). Insofar as Krone asserts constitutional claims, such as ineffective assistance of counsel, our review is de novo. *See State v. Lilly*, 930 N.W.2d 293, 298 (Iowa 2019).

### III. Recent Legislation—Pro Se Filings.

First, we address recent legislation (known as S.F. 589), effective July 1, 2019, about our ability to consider Krone's pro se filings since he is represented by counsel. *See* 2019 Iowa Acts ch. 141, § 30 (codified at Iowa Code § 814.6A(1) (2019)). That provision states: "A defendant who is currently represented by counsel shall not file any pro se document, including a brief, reply brief, or motion, in any Iowa court. The court shall not consider, and opposing counsel shall not respond to, such pro se filings." Iowa Code § 814.6A (2019). In its appellee's brief, the State argued we have no authority to consider the pro se filing after July 1, 2019. The State contends the new statute should apply here because it affects only the procedure of presenting legal issues to the appellate courts.

Since the parties filed their briefs, the supreme court issued *State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019), which held other amendments in S.F. 589 (dealing with guilty pleas and ineffective assistance of counsel) did not apply retroactively to appeals pending on July 1, 2019. *Macke* upheld long-standing precedent that "unless the legislature clearly indicates otherwise, 'statutes controlling appeals are those that were in effect at the time the judgment or order appealed from was rendered.'" 933 N.W.2d at 231 (quoting *James v. State*, 479 N.W.2d 287, 290 (Iowa)). Because we see no suggestion in *Macke* that the supreme court would treat section 814.6A(1) differently from the other amendments in S.F. 589, we conclude we may consider Krone's pro se filings. *See State v. Syperda*, No. 18-1471, 2019 WL 6893791, at *12 (Iowa Ct. App. Dec. 18, 2019); State *v. Purk*, No.18-0208, 2019 WL 5790875, at *7 n.8 (Iowa Ct. App Nov. 6, 2019).

### IV. Pro Se Filings Challenging Guilty Plea.

To challenge a guilty plea on appeal based on alleged defects in the plea proceedings, the defendant must ordinarily move in arrest of judgment. *See* Iowa R. Crim. P. 2.8(2)(d), 2.24(3)(a). But failure to move in arrest of judgment will not preclude a defendant from challenging his plea on appeal if he or she "was never advised during the plea proceedings . . . that challenges to the plea must be made in a motion in arrest of judgment and that the failure to challenge the plea by filing the motion . . . precludes a right to assert the challenge on appeal." *State v. Meron*, 675 N.W.2d 537, 540 (Iowa 2004). The trial court does not have to "engage in an in-court colloquy with a defendant so as to personally inform the defendant of the motion in arrest of judgment requirements." *State v. Fisher*, 877 N.W.2d 676, 680-81 (Iowa 2016) (cleaned up). "Instead, a written waiver filed by the defendant can be sufficient." *Id*.; *see also State v. Barnes*, 652 N.W.2d 466, 468 (Iowa 2002) (concluding the defendant failed to preserve error because he did not move in arrest of judgment when his written guilty plea clearly stated that a failure to file such a motion would bar any challenge to his plea on appeal).

Krone's written guilty plea shows he was informed of his right to move in arrest of judgment and that any failure to file such a motion would preclude him of the right to assert any challenges to his guilty plea on appeal. His failure to do so means he did not preserve his challenges for appellate review.

### V. Ineffective Assistance of Counsel.

"'To the extent error is not preserved on an issue, any objections must be raised within an ineffective-assistance-of-counsel framework.'" *Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016) (citation omitted). To establish a claim of

ineffective assistance of counsel, a defendant must show his trial counsel failed to perform an essential duty and counsel's failure led to constitutional prejudice. *See State v. Walker*, 935 N.W.2d 874, 881 (Iowa 2019).

The State argues Krone did not allege his counsel was ineffective. Krone and his appellate counsel both insist Krone did make such allegations. We find the record shows Krone claimed he received ineffective assistance in many respects.

Ineffective-assistance-of-counsel claims are ordinarily preserved for postconviction-relief proceedings. *See State v. Brown*, 930 N.W.2d 840, 844 (Iowa 2019). This appeal was pending on July 1, 2019, so we could address an ineffective-assistance claim on direct appeal if the record is adequate. *See Macke*, 933 N.W.2d at 227 ("Iowa Code sections 814.6 and 814.7, as amended, do not apply to a direct appeal from a judgment and sentence entered before July 1, 2019."); *see also State v. Leahy*, No. 18-1698, 2019 WL 5424959, at *2 (Iowa Ct. App. Oct. 23, 2019). Only in rare cases will the trial record alone be sufficient. *See State v. Atley*, 564 N.W.2d 817, 833 (Iowa 1997) (explaining ineffective-assistance claims raised on direct appeal are ordinarily reserved for postconviction proceedings to allow full elaboration of the facts surrounding counsel's conduct).

Krone's claims are not developed enough at this stage to decide them on direct appeal and in any event, many claims rely on matters outside the record and Krone's unsworn self-serving statements. Krone will have a chance to flesh out and develop his claims, and Krone's trial counsel will have a chance to explain her actions, in a postconviction-relief proceeding.

**VI. Sentencing.**

Both Krone and his appellate counsel claim that the district court failed to adequately cite its reasons for its sentence on the record. "The failure of the district court to adequately cite its reasons for a sentence on the record is ordinarily reversible error." *State v. Thacker*, 862 N.W.2d 402, 409 (Iowa 2015). Our review is for an abuse of discretion. *See State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014) ("We will reverse a decision of the district court when an abuse of discretion occurs or there is some defect in the sentencing procedure.").

Iowa Rule of Criminal Procedure 2.23(3)(d) requires the sentencing court to "state on the record its reasons for selecting the particular sentence." Our supreme court has reiterated the purpose of requiring the sentencing court to state its reasons for selecting a particular sentence on the record is to ensure "defendants are well aware of the consequences of their criminal actions" and, most importantly, to allow us "the opportunity to review the discretion of the sentencing court." *State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016) (quoting *Thompson*, 856 N.W.2d at 919). When a defendant waives the reporting of the sentencing hearing, we look to the sufficiency of the district court's written sentencing order. *See Thompson*, 856 N.W.2d at 921.

Krone waived reporting at the sentencing hearing. Looking at the district court's sentencing order, the reasons stated for the sentence imposed: "the facts shown to the court, the plea agreement, presentence investigation or NCIC criminal history report and/or for reasons of deterrence." Though Krone's written plea was filed, there is nothing in the record about the plea agreement, which the court referenced. The written plea also referenced the plea agreement and stated

Krone understood the sentencing judge could choose to not follow the recommendation in the plea agreement. Without the plea agreement, we have no clue what the recommendations were.

At oral argument, the State conceded that this deficiency in the record entitled Krone to be resentenced. But it relies on the new legislation for the proposition that Krone is precluded from challenging his sentence. Because *Macke* holds that Iowa Code sections 814.6 and 814.7, as amended, do not apply to a direct appeal from a judgment and sentence entered before July 1, 2019, the new legislation does not apply here and cannot overcome the deficiencies in the sentencing order. *Macke*, 933 N.W.2d at 227.

Like the court in *Thacker*, we cannot determine whether the district court properly exercised its discretion in sentencing Krone. 862 N.W.2d at 410. We agree with the conclusion of this court reached recently in a similar case:

> The sentencing order does not indicate the court considered the defendant's character, propensities, or chances for reform. *Cf. Thacker*, 862 N.W.2d at 405. However, there is no requirement the court recite every factor considered. *See, e.g.*, *State v. Mathews*, No. 17-0519, 2018 WL 2084831, at *2 (Iowa Ct. App. May 2, 2018) ("[T]he district court need not specifically state every possible sentencing factor."). Perhaps as the State argues, consideration of these factors might be inferred. However, the brevity of the court's sentencing order—in conjunction with the lack of record from the sentencing hearing—impedes appellate review of the court's exercise of discretion. Further, concerning the court's consideration of a "plea agreement," Geary's written guilty plea notes: "This guilty plea is entered without any agreement with the [S]tate's attorney in regards to the charges against me or my sentence." The record is devoid of any details of a plea agreement. We are left to speculate as to whether there was a plea agreement or what terms may have been considered by the court. *See Thacker*, 862 N.W.2d at 410 (vacating a sentence and remanding for resentencing where the record failed to include the details of a plea agreement and, thus, it was unclear if the court was merely giving effect to the parties' plea agreement or independently exercising its discretion).

*State v. Geary*, No. 18-1163, 2019 WL 2151672, at *1 (Iowa Ct. App. May 15, 2019) (remanding when the court could not determine whether the district court properly exercised its discretion in sentencing). So we vacate Krone's sentence and remand for resentencing.

### VII. Conclusion.

Krone did not move in arrest of judgment to preserve for appellate review the alleged defects in his guilty plea. Thus, we do not consider the issue. Because the record is undeveloped, we cannot decide Krone's claims he received ineffective assistance of counsel. Finally, we vacate Krone's sentence and remand the case to the district associate court for resentencing consistent with this opinion. We affirm in all other respects.

**CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**